## JAMES MADDOX v. STATE.

No. A-5724. Opinion Filed April 2, 1927.
(254 Pac. 753.)

John F. Thomas and Lewis Hunter, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DOYLE, P. J. The information in this case charged that in Comanche county, on the 1st day of May, 1924:

"James Maddox, then and there being did then and there willfully, unlawfully, and feloniously commit an assault and battery upon the person of Chloe Johns, a female under the age of 16 years, and not the wife of the said James Maddox, by forcibly taking hold of and attempting to throw said Chloe Johns over and upon the bed, with the unlawful and felonious intent of him the said James Maddox to have and accomplish sexual intercourse with her, the said Chloe Johns."

The jury returned a verdict finding him guilty as charged in the information, and fixing his punishment at imprisonment in the county jail for 60 days and a fine of $200. In due course a motion for new trial was filed

and denied, and from the judgment pronounced in pursuance of the verdict he appeals.

Several questions are presented for decision. It is not the purpose of this opinion to review all of these questions. The information is sufficient, and the demurrer thereto was properly overruled, and we find no error in the ruling of the court in the admission and rejection of evidence.

The assignment that the verdict is not sustained by sufficient evidence and that the court erred in refusing an instruction on assault and battery will be considered together.

It appears that the prosecutrix resided with her parents and brothers on a farm, and appellant, his wife, and brother resided on the same place in a house 200 yards distant; that her age was about thirteen years. She testified that in the absence of her parents, who had gone to town, and her brothers, who were working in the field, appellant called and wanted some milk; that she poured the milk for him into his bucket and he started home, saying he might be back after a while; that, later, he came back with another bucket, and she poured it full of milk, and he said his wife was gone, and he did not care, that he knew girls prettier than she was, and she told him she wished he would go on home, that she had to cook dinner for her brothers. He said he did not care and caught her and kissed her and she slapped him; then he tried to push her over on the bed, and said three times, "Why don't you let me?" Then she went outside; he came to the door and said, "Why don't you come back in the house?" and she told him to go home; he said he would go when he got ready, and directly he came out and went home; that later, about 12 o'clock, he came back and asked her not to tell her papa, and she said she would not if he would go home; then she said, "Yonder comes

the boys," and he said, "You swear you won't tell them." She said, "Yes; if you will go home." Then he said, "Good bye, honey," and she made a face at him, and he went to the car.

On cross-examination, she stated that she did not tell her brothers when they came in to dinner about an hour later, nor her father or mother; that two or three weeks later she told a girl friend; then the girl friend told her folks, and they told her parents; then her mother asked her about it, and she told her what occurred; that after this happened appellant and his wife chopped cotton for her father for about three weeks and with her father and brothers she chopped cotton with them.

As a witness in his own behalf appellant testified that his age was 24 years; that he was World War veteran and at present was band instructor at the Ft. Sill Indian school; that he lived on his deceased mother's farm; Alva Johns, father of the prosecutrix, lived on the same place; that the houses were about 200 yards or a little better apart; that his family always got their milk, butter, and eggs from the Johns family; that about 10 o'clock he called to get some milk for his puppies, and Chloe said, "Come in and get it out of the can"; that he lifted the can, and poured the milk in, and thanked her, and left; that later he went back after some eggs and got a half dozen and some more milk for the dogs; that later, about noon, he started with his brother to the ball game, and took the milk bucket and left it at the Johns place; that at no time did he take hold of her or hug her or kiss her; that he and his wife chopped cotton with the Johns family, including the prosecutrix, nearly every day for three weeks thereafter.

The testimony of his brother, Dewey, substantially corroborates that given by appellant.

The instruction requested and refused was, in part, as follows:

"You are instructed that included in the crime charged in the information is the offense of assault and battery, and you are instructed that if you are unable to find from the evidence, beyond a reasonable doubt, that the defendant is guilty of the crime charged in the information, to wit, assault with intent to commit rape, then you may consider the evidence to determine whether or not the defendant is guilty of assault and battery. You are instructed that assault and battery is the use of any willful and unlawful force or violence upon the person of another, and that the law provides that any person guilty of assault and battery shall be punished by imprisonment in a county jail not exceeding 30 days, or by a fine of not less than $5, nor more than $100, or both," etc.

Our Code of Criminal Procedure provides that the jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or an attempt to commit the offense. Section 2740, C. S. 1921.

It is a well-settled rule that, where the evidence is clearly insufficient to sustain the major offense charged, and there is evidence tending to prove the commission of an offense necessarily included, it is the duty of the trial court to instruct the jury of their right to convict of the lesser offense. Clark v. State, 6 Okla. Cr. 100, 116 P. 200. The great weight of authority is in accordance with this rule.

This case in all its essential features is the same as the case of Tayrien v. State, 33 Okla. Cr. 231, 242 P. 1061. There we held that in a prosecution for assault to rape, evidence being sufficient to sustain verdict for assault and battery, that issue should have been submitted. The precise question here presented was fully considered and the authorities reviewed.

Upon consideration of the evidence and in view of the rule declared in the Tayrien Case, we are clearly of the opinion that the court erred in refusing to give the requested instruction, and, as the case must be again submitted to the jury, we refrain from a discussion of the evidence.

For the error indicated, the judgment is reversed and the cause remanded for a new trial.

EDWARDS and DAVENPORT, JJ., concur.