TERRELL, Justice.
D. L. Sanders was indicted and tried for murder in the first degree. There was a mistrial and the second trial resulted in a conviction of manslaughter. A new trial was denied, defendant was sentenced to twelve years in the state penitentiary and has appealed from that judgment. There was a motion to quash the jury panel and a motion to strike, which will be treated later.
It is first contended that the conviction of manslaughter should be reversed because the evidence and the law as charged by the court permitted no verdict .other than murder in the first degree or justifiable homicide.
Dennis v. State, 17 Fla. 389, is relied on to support this contention but we do not think it relevant to the case at bar. It involved a charge of perjury, there was no evidence offered by defendant and the court found that the evidence presented by the State proved defendant to be innocent. In this case appellant was charged with murder in the first degree. Such a charge comprehends all other degrees of homicide. The jury was warranted in returning a verdict for one of the lesser degrees of homicide.
It is true that the jury should conform its verdict to the evidence and the law of the case, as charged by the court, but this principle is controlled by the credibility and probative force of the evidence which is for determination of the jury. We find it unnecessary to discuss the evidence except to say that it was not only ample to support a verdict of manslaughter, but would have supported a much higher degree of homicide. Likewise we find nothing wrong with the charge of the court. It correctly defined the different degrees of homicide and was not contrary to the governing law.
It is next contended that the court committed error in refusing defendant’s requested charge 32, with reference to who provoked the first assault. There is no merit to this contention. In the first place the requested charge was fully covered in the general charge and then we find no showing in the record of an assignment on the court’s refusal to give the charge.
It is next contended that the trial court committed error in permitting one of the jurors to remain on the panel who returned a negative answer to the question: “Has any member of your family ever been involved in a gun fight?”
The alleged vice of this question consisted in the fact that said juror’s uncle had been killed as a result of a pistol wound. The record does not reveal' tha’t any such question was ever propounded to the juror! It does appear that the question was raised in the motion for new trial,which was unverified. The affidavits and the face of the motion are insufficient to show that the juror ever had an uncle killed in a gun battle. The record reveals no merit to this contention.
The only other question presented has to do with whether or not the court committed error in holding that in law the County Commissioners were required to make up the jury list as required ¡by Chap *371 ter 40, Florida Statutes 1951, F.S.A. instead of Chapters 14696 and 14698, Acts of 1931.
Not much need be said in, response to this question.' The motions to quash were predicated on failure to use the acts of 1931 in making up the jury lists. Chapter 40, Florida Statutes of 1951, F.S.A., is a complete revision of the law regulating the drawing and selection- of jury lists and is the governing law on the subject. It is not suggested or intimated that harmful error or miscarriage of justice resulted to defendant. -
Other questions raised have been. considered but we find no reversible error so the -judgmfent appealed from is affirmed.
Affirmed.
ROBERTS, C. J., THOMAS, SE-BRING, MATHEWS and DREW, JJ., and PATTERSON, Associate 'Justice, concur.