162 So.2d 922 (1964)
James Henry ALLISON, Appellant,
v.
STATE of Florida, Appellee.
No. E-271.
District Court of Appeal of Florida. First District.
March 17, 1964.
On Rehearing April 28, 1964.
Harry Lewis Michaels, Tallahassee, for appellant.
Richard W. Ervin, Atty. Gen., and A.G. Spicola, Jr., for appellee.
*923 CARROLL, DONALD K., Acting Chief Judge.
The appellant, who was tried and convicted of assault with intent to commit rape, has appealed from the judgment and sentence entered by the Circuit Court for Leon County.
The two main questions presented for our determination on this appeal are: whether the trial court erred in admitting, over defense objections, certain testimony concerning prior consistent statements made by the minor prosecutrix; and whether that court erred in refusing to charge the jury with regard to lesser included offenses of which they might find the defendant guilty.
At the trial the thirteen-year-old prosecutrix testified that on September 11, 1963, when she was twelve years old, she was "playing hookey" from school with two cousins, a girl aged ten and a boy 13, under a railroad trestle in the City of Tallahassee, in the said county; that after about 30 minutes the defendant was walking down the tracks, saw them, and asked the children why they were not in school, to which inquiry they first stated that the bus had left them but then admitted that they were skipping school, and he then told them that they shouldn't be down there getting their clothes dirty; and that the defendant asked her if she knew anything about sex relations, put his hand up her dress, and threatened the three children with a knife and forced them to sit on the ground. On cross-examination she testified that the defendant jerked her pants down, tearing them, and then "made me lie down and then he got on top of me." She further testified that while in that position he displayed his private parts and about three or four times asked her "was it in," although she did not remember how long he was "actually on top of [her] with his private parts out." When the defendant got up, he zipped up his pants, warned the children not to "tell on" him, threatening them again with his knife, and walked away.
The next two witnesses for the prosecution were the Assistant Chief and a sergeant of the Tallahassee Police Department, who had talked with the prosecutrix later in the day. The former, in answer to a question propounded by the defense counsel as to whether the prosecutrix told him that the defendant "had started to do it but then he stopped. * * *" replied, "Somewheres along in the investigation she did."
The State then called the police sergeant and interrogated him concerning the conversation at the police station between the prosecutrix and the Assistant Chief of Police. The defendant's attorney unsuccessfully objected to this testimony as hearsay. The statement of the prosecutrix, as recalled by the sergeant, was substantially similar to her testimony at the trial.
The Assistant Chief of Police also testified concerning a voluntary statement made by the defendant in the police station on September 13, 1962. This statement was generally consistent with the prosecutrix's testimony, except that the defendant declared that he had made no attempt at penetration, but had said, "Oh, no, I couldn't do that," got up, and left the scene to buy some gasoline.
The next two witnesses called by the prosecution were the prosecutrix's said two cousins, whose testimony mainly supported the substance of her testimony at the trial.
The above testimony, together with the prosecution's medical evidence, was clearly sufficient to support the jury's finding that the defendant was guilty of assault with intent to commit rape, as charged, but that fact does not, of course, end our inquiry, for our duty is to ascertain whether the evidence upon which the jury founded their verdict was admissible under the rules of evidence and whether in the *924 trial the defendant was accorded all the rights secured to him under the applicable rules and laws.
As mentioned earlier, the first question raised on this appeal is whether the trial court erred in admitting, over defense objections, certain testimony concerning prior consistent statements made by the minor prosecutrix  more specifically, the sergeant's testimony about the statement she made in the police station concerning actions earlier that day. The answer to this question can be found only through a study of the authorities in one of the most difficult subjects in the law of evidence  the admissibility, for the purpose of supporting an impeached witness, of prior statements by him consistent with his testimony. Fortunately, this subject is comprehensively covered by annotations in 140 A.L.R. 21-186 and 75 A.L.R.2d 909-979. As borne out by the authorities from many jurisdictions collated in those annotations, the general rule is well recognized that the testimony of a witness cannot be bolstered up or supported by showing that he made statements out of court similar to and in harmony with his testimony on the witness stand. In some cases, however, the courts have relaxed or not applied this rule where the witness has been impeached or his credibility assailed.
The salutary nature and the necessity of such a rule are clearly apparent upon reflection in cases like the present, for without that rule a witness's testimony could be blown up out of all proportion to its true probative force by telling the same story out of court before a group of reputable citizens, who would then parade onto the witness stand and repeat the statement time and again until the jury might easily forget that the truth of the statement was not backed by those citizens but was solely founded upon the integrity of the said witness. This danger would seem to us to be especially acute in a criminal case like the present when the prosecutrix is a minor whose previous out-of-court statement is repeated before the jury by adult law enforcement officers.
The leading Florida case in which the general rule excluding evidence of prior consistent statements has been recognized is Van Gallon v. State, 50 So.2d 882 (Fla. 1951). In that case the Supreme Court of Florida also discussed one of the exceptions to that rule, as follows:
"We recognize the rule that a witness's testimony may not be corroborated by his own prior consistent statement and the exception that such a statement may become relevant if an attempt is made to show a recent fabrication. The exception is based on the theory that once the witness's story is undertaken, by imputation, insinuation, or direct evidence, to be assailed as a recent fabrication, the admission of an earlier consistent statement rebuts the suggestion of improper motive and the challenge of his integrity."
In that case, involving a conviction of murder in the second degree, the Supreme Court rejected the State's contention that the exception to the general rule was applicable because of sufficient indication in the record of impeachment by the appellant on the ground that there had been "some late fabrication to meet the exigencies of the case." The Supreme Court then held that the trial court had erred in overruling the appellant's objection to the prior consistent statement, and reversed the judgment of conviction.
Similarly in the case at bar, we cannot find in the record of the trial a sufficient showing that would justify the admission of the police sergeant's testimony concerning the prosecutrix's prior consistent statement under the "recent fabrication" exception or any other of the recognized exceptions to the general rule precluding the admission of such a statement. It was error, therefore, for the trial court to overrule the appellant's objection to the said testimony.
*925 As mentioned above, the second main question raised by the appellant in this appeal is whether the trial court erred in refusing to charge the jury with regard to lesser included offenses of which they might find him guilty. The record shows that the appellant specifically requested the court to give such a charge.
Section 919.16, Florida Statutes, F.S.A., provides as follows:
"Conviction of attempt; conviction of included offense. Upon an indictment or information for any offense the jurors may convict the defendant of an attempt to commit such offense, if such attempt is an offense, or convict him of any offense which is necessarily included in the offense charged. The court shall charge the jury in this regard."
Applying this statute literally to the instant case, the jurors were authorized to convict the appellant of any offense which is necessarily included in the offense of assault with intent to commit rape, and the trial court was required to charge the jury in this regard.
Although our research has revealed no decision in which a Florida court has undertaken to enumerate the offenses that are necessarily included in the crime of assault with intent to commit rape, our Supreme Court in many cases has had occasion to throw light on the subject of determining the lesser offenses that are included in a particular offense charged.
For instance, in several cases the Supreme Court has held that an indictment for murder in the first degree charges manslaughter, as well as murder in all its degrees, so that a trial on such an indictment involves a question of the defendant's guilt as to every grade of unlawful homicide. See, among other cases, McCoy v. State, 40 Fla. 494, 24 So. 485 (1898); Stone v. State, 57 Fla. 28, 48 So. 996 (1909); and Owens v. State, 65 Fla. 483, 62 So. 651 (1913).
Our Supreme Court has held that a person indicted for assault with intent to murder may be convicted of an aggravated or felonious assault (Pittman v. State, 25 Fla. 648, 6 So. 437 (1889)) and that one indicted for assault with intent to murder may be found guilty of common assault and battery (Winburn v. State, 28 Fla. 339, 9 So. 694 (1891)).
In Jiminez v. State, 158 Fla. 719, 30 So.2d 292 (1947), the Supreme Court of Florida held that the jury had the right to convict the accused of assault with intent to commit rape, though the evidence was sufficient for a conviction of rape, which was the crime charged in the indictment. The Supreme Court further held that in the said prosecution for rape, although the accused did not object to the charges as proposed and as given or to the failure to give other charges, it was "the duty of the trial court to charge the jury as to the lesser offense of assault with intent to commit rape, which offense was in law included in each count of the indictment * * *."
In several decisions from other jurisdictions the courts have had occasion to name the lesser offenses that are necessarily included in the crime of assault with intent to commit rape. In the following cases the appellate courts of other states have held that a defendant, charged with assault with intent to commit rape, was entitled to have the trial court charge the jury, that, if they did not find the defendant guilty of the crime charged, they might consider the evidence to determine whether the defendant is guilty of the lesser included offense of assault or assault and battery: Maddox v. State, 36 Okla. Cr. 381, 254 P. 753 (1927); Tayrien v. State, 33 Okla. Cr. 231, 242 P. 1061 (1926); Alexander v. State, 58 Tex.Cr.R. 621, 127 S.W. 189 (1910); State v. Powers, 181 Iowa 452, 164 N.W. 856 (1917); State v. Hoag, 232 Mo. 308, 134 S.W. 509 (1911); Teagarden v. State, 33 Okla. Cr. 394, 244 P. 63 (1926).
In one of the best-reasoned opinions we have read on this point, the Criminal Court *926 of Appeals of Oklahoma in Tayrien v. State, supra, involving a prosecution for assault with intent to commit rape, held:
"The defendant asked for an instruction submitting the issue of the included offense of assault and assault and battery, which was refused and exception allowed, and no instruction on that branch of the case was given by the court. Our Code of Criminal Procedure provides that the jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or an attempt to commit the offense. Section 2740, C.S. 1921. The rule is well settled that where there is evidence tending to prove the commission of an offense which is necessarily included in the offense charged, it is error for the trial court to refuse to instruct the jury of their right to convict of the lesser offense. Clark v. State, 6 Okla. Cr. 100, 116 P. 200."
After reviewing other authorities from several states, the Oklahoma court held that the trial court had erred in refusing to give the requested instruction, and reversed the judgment of conviction with directions for a new trial.
In line with the above decisions from other jurisdictions, we hold that in Florida simple assault and assault and battery are lesser offenses necessarily included in the crime of assault with intent to commit rape. We also think that aggravated assault, as defined in Sec. 784.04, Florida Statutes, F.S.A., is a lesser included offense under the charge and evidence at the trial. We note, however, that the Supreme Court of Florida in State v. Sumner, 157 Fla. 371, 26 So.2d 336 (1946) indicated that lewd and lascivious conduct, as defined in Sec. 800.04, is in a different area from assault with intent to commit rape, so we feel that such conduct is not a lesser offense necessarily included in such assault.
The right to have the trial court charge the jury concerning lesser offenses of assault with intent to commit rape, is, of course, a most valuable right to a defendant. The statutory punishment for assault with intent to commit rape is imprisonment in the state prison not exceeding 20 years (Sec. 784.06, Florida Statutes 1963, F.S.A.,); while a "bare assault" is punishable by fine not exceeding $20 (Sec. 784.02) and assault and battery is punishable by imprisonment not exceeding six months or by fine not exceeding $500 (Sec. 784.03).
In the present case, therefore, under the holding of our Supreme Court in the Jiminez case, supra, and in accordance with the mandate of the statute (Sec. 919.16), we think that the trial court had a duty to instruct the jury to the effect that, if they are unable to find from the evidence beyond a reasonable doubt that the defendant was guilty of the crime charged  assault with intent to commit rape  they may consider the evidence to determine whether the defendant is guilty of one of the lesser included offenses, defining and explaining the latter offenses. The court had this duty to so charge the jury even if the defendant had not requested such a charge; but the record before us affirmatively shows that at the conclusion of the instructions the defendant's attorney requested that the court charge the jury as to any lesser included offenses, which request the court denied.
In thus failing to charge the jury on lesser included offenses and in admitting the testimony of the prior consistent statement, as discussed earlier in this opinion, we think the trial court committed harmful error. While, as we have stated, the evidence was sufficient to support the jury's finding that the defendant was guilty of assault with intent to commit rape, no one can say with confidence whether the jury, if the said testimony had not been admitted and if they had been instructed that they could consider lesser offenses, might not have found the defendant guilty only of assault *927 or assault and battery, which offenses carry much lighter punishment than the crime charged.
The final judgment appealed from, therefore, must be, and it is, reversed for a new trial.
Reversed.
RAWLS and WIGGINTON, JJ., concur.

On Petition for Rehearing Granted
CARROLL, DONALD K., Acting Chief Judge.
The State has filed a petition for rehearing of our opinion filed herein on March 17, 1964. One of the points urged in its petition is that, in holding in our opinion that aggravated assault is a lesser offense included within the crime charged (assault with intent to commit rape) and the evidence adduced at the trial, we overlooked the decision of the Supreme Court of Florida in Lindsey v. State, 53 Fla. 56, 43 So. 87 (1907), in which that court held that aggravated assault is not a lesser included offense within the crime of assault with intent to commit murder where the indictment does not allege that the assault was made with a deadly weapon, which is an essential element of aggravated assault as defined by Section 784.04, Florida Statutes, F.S.A.
We acknowledge that the State's said point is well taken. While in several cases courts of other jurisdictions have held that aggravated assault is a lesser included offense of assault with intent to commit rape, such holdings are presumably explainable by differences in the statutes or precedents of those jurisdictions. In any event, following the rationale of our Supreme Court in the cited decision, we note that the information in the case on review does not charge that the appellant used a deadly weapon, although there was testimony at the trial that the appellant threatened the children with a knife, so the trial court was correct in failing to instruct the jury that aggravated assault is a lesser included offense of the crime charged. We adhere, however, to our view that the court should have instructed the jury that simple assault and assault and battery are lesser included offenses within the charged crime of assault with intent to commit rape.
Accordingly, we withdraw and delete from our opinion filed March 17, 1964, the following sentence: "We also think that aggravated assault, as defined in Sec. 784.04, Florida Statutes [F.S.A.], is a lesser included offense under the charge and evidence at the trial."
To such extent the State's petition for rehearing is granted, but the petition is otherwise denied and our said opinion and judgment are otherwise adhered to.
So ordered.
WIGGINTON and RAWLS, JJ., concur.