187 So.2d 358 (1966)
Raymond Terrell STEWART, Appellant,
v.
The STATE of Florida, Appellee.
No. H-9.
District Court of Appeal of Florida. First District.
June 14, 1966.
*360 Howell, Dawson, Galant, Maddox & Sulik, Jacksonville, for appellant.
Earl Faircloth, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for appellee.
CARROLL, DONALD K., Judge.
The petitioner for a writ of certiorari seeks our review of an order entered by the Circuit Court for Duval County affirming a judgment of the Criminal Court of Record of that county adjudging him guilty of the misdemeanor of using a motor vehicle without the owner's consent.
The petitioner was tried by the latter court for the offense charged in the "Amended Information for Larceny of Motor Vehicle," filed by the County Solicitor of the said county, charging that the petitioner on November 3, 1963, "did unlawfully, take, steal and carry away one certain motor vehicle, to-wit: a gasoline propelled 1964 Chevrolet, the property of Lee R. Conner, a further description of which is to the Solicitor unknown." In its verdict the jury found the petitioner "Guilty of Using Motor Vehicle Without the Owner's Consent." The petitioner had offered no evidence at the trial but had requested that the trial court "charge the Jury on the lesser offense of using the car without the owner's consent." The court did so and, as stated above, the jury found the petitioner guilty of the said lesser offense. In its judgment the trial court found the petitioner guilty of that lesser offense and sentenced him to imprisonment in the county jail at hard labor for a term of six months. This judgment was appealed by the petitioner to the Circuit Court for Duval County, which affirmed the judgment. Thereafter, the petitioner duly filed his petition in our court for a writ of certiorari to review the said Circuit Court's judgment of affirmance.
The principal question raised for our determination in these certiorari proceedings is whether the offense of which the petitioner was found guilty ("using" the vehicle without the owner's consent) is a lesser included offense within the offense charged by the County Solicitor in the amended information, which we quoted from above.
The said amended information charged the petitioner with commiting the felony described in Section 811.20, Florida Statutes, F.S.A. which reads as follows:
"811.20 Larceny of automobiles.  The larceny of any automobile, locomobile, motorcycle, or other like vehicle propelled by electricity, gasoline or kerosene in this state, shall be deemed a felony; and any person convicted thereof shall be punished by imprisonment in the state prison for a term not exceeding five years, or by fine not exceeding five thousand dollars."
The misdemeanor of which the petitioner was found guilty by the jury and adjudged guilty by the trial court, is thus described in Section 811.21:
"Taking or using temporarily any vehicle or animal of another without authority. Whoever willfully, mischievously and without right takes or uses any boat or vehicle, or takes, drives, rides or uses any horse, ass, mule, ox or any other draught animal, the property of another, without the consent of the owner or other person having the legal custody, care or control of the same, shall be punished by imprisonment not exceeding six months, or by fine not exceeding one hundred dollars.
"Nothing in this section shall be construed as to apply to any case where the taking of the property of another is with intent to steal the same, or when it is taken under a claim or right, or with the presumed consent of the owner or other person having the legal control, care or custody of the same."
*361 The crime declared in the just-quoted statute seems to us to be a lesser included offense within the crime of larceny of automobiles as described in the above-quoted Section 811.20. The language in the second paragraph of Section 811.21 indicates that that statute is designed to cover the situation when the taking or use of a motor vehicle is without any intent to steal, which is an essential element of the crime of larceny. Another difference will be noted between the two statutes  Section 811.21 contains nothing with regard to the kind of fuel used by the vehicle in question.
The general rule concerning lesser included offenses under the common law and the various state statutes is well stated in 27 American Jurisprudence, Indictments and Informations, Sec. 105, page 665, as follows:
"It is the common-law rule that when an indictment charges an offense which includes within it another lesser offense, or one of a lower degree of the same general class, the accused, although acquitted of the higher offense, may be convicted of the lesser. It is also the rule, both at common law and under the statutes of many of the states, that an indictment or information is insufficient to charge the accused with the commission of a minor offense, or one of less degree, unless, in charging the major offense, it necessarily includes within itself all of the essential elements of the minor offense, or sufficiently sets them forth by separate allegations in an added count; but that where the indictment or information contains all the essential constituents of the minor offense, it sufficiently alleges that offense."
This general rule is operative in Florida not only under the common law but also by virtue of Sections 919.14 and 919.16, Florida Statutes, F.S.A., which provide:
"919.14 Determination of degree of offense. If the indictment or information charges an offense which is divided into degrees, without specifying the degree, the jurors may find the defendant guilty of any degree of the offense charged; if the indictment or information charges a particular degree the jurors may find the defendant guilty of the degree charged or of any lesser degree. The court shall in all such cases charge the jury as to the degrees of the offense."
"919.16 Conviction of attempt; conviction of included offense. Upon an indictment or information for any offense the jurors may convict the defendant of an attempt to commit such offense, if such attempt is an offense, or convict him of any offense which is necessarily included in the offense charged. The court shall charge the jury in this regard."
In many decisions the courts of Florida have held that, in order to convict the accused of a lesser included offense, all of the elements of that offense must be alleged in the indictment or information on which he is tried. See, for instance, Lindsey v. State, 53 Fla. 56, 43 So. 87 (1907), and Holliday v. State, 104 So.2d 137 (Fla.App. 1958). As an illustration of the application of this rule: in our rehearing opinion in Allison v. State, 162 So.2d 922 (1964), we held that aggravated assault was not a lesser included offense within the crime of assault with intent to commit rape alleged in the indictment in that case because that indictment failed to allege the use of a deadly weapon (an essential element of aggravated assault.) Our holding was based upon an analogous holding of the Supreme Court of Florida in Lindsey v. State, 53 Fla. 56, 43 So. 87 (1907).
An equally fundamental rule, of course, is that an accused, who is properly charged with a lesser included offense in the indictment or information, cannot be lawfully convicted of that lesser offense unless substantial, competent evidence was adduced at his trial from which easonable men could conclude that every element of *362 the said lesser offense has been established. Such a rule is so basic in the American-English system of criminal jurisprudence as to require no citation of authorities. The general statement of this rule is thus expressed by the writer in 42 C.J.S. Indictments and Informations § 299, page 1327: "* * * in any event the accused may not be convicted of a lesser offense which is not established by the evidence." This rule was inferentially recognized by the Florida appellate courts in Holliday v. State, 104 So.2d 137 (Fla.App. 1958), Sanders v. State, 70 So.2d 369 (Fla. 1954), and Allison v. State, 162 So.2d 922 (Fla.App. 1964).
Applying the foregoing two fundamental rules concerning lesser included offenses to the case at bar, we find no difficulty in reaching the view that the misdemeanor of using a vehicle without the owner's consent is a lesser included offense within the crime alleged in the amended information  the felony of unlawfully taking, stealing, and carrying away a certain motor vehicle. We also think that there was sufficient substantial, competent evidence adduced at the trial from which the jury as reasonable men could have found that every essential element of the said misdemeanor had been proven.
In addition to the foregoing considerations and conclusions, we think that the petitioner has effectively waived this point concerning the lesser included offense because the transcript of the trial proceedings shows that, before the jury retired to consider its verdict, the petitioner, through his counsel, moved "the Court at this time to charge the Jury on the lesser offense of using the car without the owner's consent in as much as there has been no testimony introduced to the Jury that there has been any change or alteration in the car and no evidence. I think in as much as it is a lesser included offense that such a charge should apply." Pursuant to this request of the petitioner, the trial court instructed the jury as follows:
"Now, Gentlemen, this charge, the charge of larceny of an automobile, also includes a lesser charge of using a car without the owner's consent. Under this lesser charge the law makes it unlawful for any person to willfully and maliciously and without right to take the car or vehicle of another without the consent of the owner or person having legal custody."
Despite the fact that the petitioner was convicted of violating Section 811.21, which does not refer to gasoline propulsion, a second point raised by the petitioner in the present proceedings is "The State's failure to prove that the motor vehicle was propelled by gasoline was fatal." In support of its position on this point the petitioner chiefly relies upon the decision of the District Court of Appeal, Third District of Florida, in Patterson v. State, 167 So.2d 766 (1964), in which our sister court held that in a prosecution under Section 811.20 it was necessary for the prosecution to allege and prove that the automobile in question was propelled by gasoline or kerosene. We agree with that holding as applicable when the conviction is for a violation of Section 811.20, as in the Patterson case; but in the case at bar we are concerned with the crime of which the petitioner was convicted  namely, a violation of Section 811.21, which does not include as an element of the crime the fact that the vehicle was propelled by gasoline or kerosene.
We can think of no better way to dispose of this second point of the petitioner than to quote with express approval the following paragraph from the Circuit Court's judgment which is the subject of the present proceedings:
"As the Appellant was not convicted of larceny, the kind of fuel used by the vehicle involved seems immaterial, but if it were material it is common knowledge that 1964 Chevrolet automobiles use gasoline. Therefore, in the absence of evidence indicating that the automobile involved was a peculiar or unusual Chevrolet *363 that used some fuel other than gasoline, the Jury was authorized to infer from the undisputed facts that the automobile was `propelled' by gasoline. `What everyone knows the Court knows', and judicial notice may be taken of the fact that a 1964 Chevrolet automobile is `propelled' by gasoline. A holding in this case that the absence of affirmative testimony that the 1964 Chevrolet automobile used gasoline  as 1964 Chevrolet automobiles do  is a fatal defect would result in a legal absurdity."
We have considered the other points raised by the petitioner in these proceedings and find them to lack substantial merit.
For the foregoing reasons, the petition for a writ of certiorari must be and it is
Denied.
RAWLS, C.J., and JOHNSON, J., concur.