PER CURIAM.
Defendant appeals a judgment of conviction and sentence based upon a jury verdict finding him guilty of robbery.
By his first point appellant urges that the trial court erred in refusing to grant his request that the jury be charged on the lesser included offenses of grand larceny and petit larceny as required by F.S. Section 919.16, F.S.A., and in accordance with the interpretation of that statute by the Supreme Court in Jimenez v. State.[1]
It is our view that the facts m this case did not warrant such a charge on the lesser included offenses, and refusal by the trial court to grant appellant’s request for instructions to the jury on this principle of law was not error.[2]
Appellant’s remaining point on appeal questions the sufficiency of the evidence to sustain the verdict and judgment. After detailing with fidelity the essential items of evidence introduced during the trial, appellant urges that this proof falls short of establishing his guilt beyond a reasonable doubt and to a moral certainty. The factors of reasonable .doubt and moral certainty pertain only to the weight of the evidence. The function of resolving these factors lies exclusively with the jury, and not with the appellate court. Our proper function, in deciding whether the trial court erred in either refusing to direct a verdict for or granting a new trial to a convicted defendant, is to determine whether the-court’s rulings are supported by competent and substantial evidence as reflected by the-record and accord with the essential requirements of law.
The evidence adduced by appellant tended to establish his innocence, and if believed by the jury would have warranted a verdict of not guilty. By the same token, the evidence adduced by the State was wholly sufficient to establish defendant’s-guilt, and this is the evidence which the jury believed and on which it relied in rendering" its verdict of guilt. On this state of the-record we are unable to hold that the trial court committed error in the rulings of which appellant has complained.
The judgment appealed is affirmed.
RAWLS, C. J., and WIGGINTON, and! CARROLL, DONALD K., JJ., concur.

. Jimenez v. State (1947) 158 Fla. 719, 30 So.2d 292.

. Hand v. State (Fla.App.1966) 188 So.2d 364; Stewart v. State (Fla.App.1966) 187 So.2d 358.