198 So.2d 313 (1967)
Lewis Andrew FLAGLER, Petitioner,
v.
STATE of Florida, Respondent.
No. 35805.
Supreme Court of Florida.
March 1, 1967.
Rehearing Denied March 29, 1967.
Jack P. LaMarr, Asst. Public Defender, for petitioner.
Earl Faircloth, Atty. Gen., and Fred T. Gallagher, Asst. Atty. Gen., for respondent.
THOMAS, Justice.
The petitioner was convicted of robbery and appealed to the District Court of Appeal, Fourth District, 189 So.2d 212, where the judgment was affirmed.
The matter was then brought to this court on a petition for certiorari based on an apparent conflict between the decision rendered by the District Court and one by the District Court of Appeal, Third District, in Thomas v. State, 183 So.2d 297, with reference to the element of fear in the commission of robbery and because of an apparent conflict with the decision of the District Court of Appeal, First District, in Allison v. State, 162 So.2d 922, dealing with the subject of lesser included offenses.
This introduces the two questions we now decide, id est, first the denial of the motion of the petitioner for a directed verdict of not guilty based on the failure of the State to prove that the victim of the alleged robbery was put in fear prior to the asportation of her property, and second, *314 the failure of the court to charge the jury on the lesser included offense of larceny.
In effect, it is the theory of the petitioner that since the victim of the theft was not put in fear before her pocketbook was taken, larceny at the most could be charged to him and as larceny is a lesser included offense in a charge of robbery, it was reversible error not to charge the jury on that crime. The argument is plausible but, we think, hardly convincing.
Before proceeding, it seems appropriate to give the bare facts which brought about the prosecution. An automobile driven by a housewife who was accompanied by her four-year-old son stopped in obeyance to a stop sign at the point where the street she was travelling entered an arterial boulevard, whereupon a man, who was a complete stranger, stealthily opened the door and took a seat by the woman and her child. After a short period of silence, the intruder grabbed the woman's pocketbook containing $400 and other valuables and departed, slamming the car door. Both mother and child then screamed. The man attempted to re-enter the car but failed. The woman drove away to seek help.
The facts in this case vary widely from those related in the Thomas opinion as is evident from even a cursory examination. There the occupants of the house, entered by a masked person, said they were not frightened but "had the situation well under control." Here a stranger furtively got into a car with a mother and her child and reached for the pocketbook at her side. Evidently she was first aware of his presence when, as she attempted to change gears, she saw his hand reaching for the pocketbook and explained that she did not scream until he was outside the car as she feared for the safety of the child.
We think that in this setting the mother would have been less than human if she had not been frightened out of her wits and that the fear was generated when she saw a strange hand reaching for her purse at about the time she became conscious of petitioner's presence. She testified at the trial that she was frightened although she did not make an outcry and it is easy to understand why she did not, for an outery in her situation might well have endangered her little boy. The conclusion that she was indeed actually in fear when he seized the pocketbook from the very side of herself and her little boy is not to us strained. And, strangely enough, the fact that she did not at the time give expression to her fear was in itself evidence of fear.
So we pass to the failure to charge the jury on larceny. We think no error was committed not only because of the conviction that the element of fear was present but also because of the proceedings that surrounded the selection of the charges actually given.
To begin, it seems to this court that the contention of the petitioner may well be concluded on authority of an excellent opinion by the District Court of Appeal, First District, in the case of Brown v. State, 191 So.2d 296. According to the opinion in that case, the sole question presented on the appeal was whether or not error was committed when the trial judge declined to charge the jury on the lesser included offense of petit larceny. The court held that giving of such a charge would have been error even if it had been requested in writing.
It is difficult to reconcile the decisions in Brown and in Allison. In the latter, the court refused to charge on lesser offenses in a prosecution for assault with intent to commit rape and the court held that it was the duty of the trial court so to charge and then added, we fear gratuitously, that such was the court's duty "even if the defendant had not requested such a charge." We say the quoted comment was gratuitous because it was immediately followed by the statement that the defendant's attorney had asked that a charge on lesser offenses be given and the request had been refused.
*315 We choose the view expressed in Brown. We think two factors should be considered in respect of charges on lesser included offenses. One is the appropriateness or inappropriateness of such a charge to the established facts as in this case and the other is the encouragement that would be given counsel of a defendant to sit idly by in utter silence about the subject then upon a verdict of guilty raise the point for the first time on appeal. As we shall show in analyzing the facts the petitioner should fail on both counts. In Jimenez v. State, 158 Fla. 719, 30 So.2d 292, cited in Allison, the proposed charges were submitted to defense counsel who offered no objection to them and requested no others. Although the court indicated that it was the duty of the judge to charge on the lesser offense of assault with intent to commit rape, the eventual conclusion of the court was that no reversible error had been committed. This conclusion doubtless arose from the facts that the appellants, Jimenez, and another, were actually convicted of assault to rape but had apparently insisted that they were entitled either to a verdict of guilty, of rape, or acquittal.
The position of the State in the immediate case is much stronger than it was in Brown. Here there was no request for the charge in writing; there was no request at all. Moreover, the judge meticulously discussed proposed charges and two were agreed upon, robbery and alibi. Counsel for the petitioner had no objection to the latter and voiced none to the former. Then in the record appears a somewhat extensive colloquy among counsel and the judge about the charges appropriately to be given the jury ending with a question by the judge whether or not there were "any other special instructions from the defendant" to which defense counsel replied, somewhat obliquely, "I can't think of any that the court hasn't denied."
There had been abundant opportunity at the conference on jury charges for the defendant's lawyers to request charges on lesser included offenses. This opportunity was disregarded.
The judgment is affirmed.
THORNAL, C.J., and ROBERTS, CALDWELL and ERVIN, JJ., concur.