206 So.2d 9 (1968)
Robert Owen LITTLE, Petitioner,
v.
STATE of Florida, Respondent.
No. 36135.
Supreme Court of Florida.
January 17, 1968.
T. Edward Austin, Jr., Public Defender, and James L. Harrison, Asst. Public Defender, for petitioner.
Earl Faircloth, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for respondent.
THORNAL, Justice.
By a petition for certiorari we have for review a decision of a District Court of Appeal which allegedly conflicts with a prior decision of this Court. See Little v. State, 192 So.2d 793 (1st D.C.A.Fla. 1966).
Petitioner, Little, was convicted of robbery. At the conclusion of all the evidence, Little submitted a written request that the trial judge instruct the jury on both grand and petty larceny. The judge refused to instruct on lesser included offenses. On appeal, the District Court affirmed, citing Hand v. State, 188 So.2d 364 (1st D.C.A. Fla. 1966) and Stewart v. State, 187 So.2d 358 (1st D.C.A.Fla. 1966).
The petitioner here claims that the decision of the District Court conflicts with the prior decision of this Court in Jimenez v. State, 158 Fla. 719, 30 So.2d 292 (1947), and, the decision of the same District Court *10 in Allison v. State, 162 So.2d 922 (1st D.C.A. Fla. 1964).
The alleged conflict with Allison v. State, supra, would not convey jurisdiction to this Court. This is so because both Allison and the case now under review were decided by the same District Court. If the two decisions conflicted, the only result would be that the instant decision, being later in point of time, would overrule Allison as the decisional law in the First District. Under the Constitution, jurisdiction is engendered in the Florida Supreme Court on the so-called conflict theory, when a district court decision is in direct confict with a decision of another district court of appeal or of the Supreme Court on the same point of law. Fla. Const. Art. V, § 4, F.S.A.
We do, however, find jurisdictional conflict with our decision in Jimenez v. State, supra. Moreover, in the instant case, the District Court affirmed the trial court on the authority of its opinion in Hand v. State, supra. This last-cited decision of the District Court was later reviewed by us on certiorari and quashed by our opinion in Hand v. State, 199 So.2d 100 (Fla. 1967). Hence, the instant case also conflicts with our decision in Hand v. State, supra.
The instant opinion, on its face, clearly demonstrates the applicability of the "necessarily included offense" provisions of Fla. Stat. § 919.16, F.S.A. The Court found that the crime of robbery had been proved. This being so, it necessarily follows that the crime of larceny also had been proved  it being a necessarily included lesser offense under the cited statute. Hence, the petitioner was entitled to have the jury instructed on larceny. In Brown v. State, Fla., 206 So.2d 377, opinion filed the 17th day of January 1968, we discussed at length the problem of so-called lesser included offenses. On the authority of that opinion, and for reasons above stated, the instant decision of the District Court is quashed and the cause is remanded for further proceedings consistent herewith.
It is so ordered.
CALDWELL, C.J., ERVIN, J., and WHITE, Circuit Judge (Retired), concur.
DREW, J., concurs specially with opinion.
DREW, Justice (concurring specially).
I concur in the opinion and judgment in this cause but with the reservations that I have heretofore expressed concerning the duty of the trial judge to instruct the jury in his general charge on lesser degrees of an offense and lesser included offenses. See my dissents in the following cases: Brown v. State, Fla., 124 So.2d 481, text 485; Johnson v. State, Fla., 130 So.2d 599, text 601; Dawson v. State, Fla., 139 So.2d 408, text 418-419. See also Killen v. State, Fla., 92 So.2d 825.