213 So.2d 440 (1968)
Charlie Will JERRY, Appellant,
v.
STATE of Florida, Appellee.
No. 68-26.
District Court of Appeal of Florida. Second District.
August 9, 1968.
Rehearing Denied September 10, 1968.
*441 Robert E. Jagger, Public Defender, and Carleton L. Weidemeyer, Asst. Public Defender, Clearwater, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and William D. Roth, Asst. Atty. Gen., Lakeland, for appellee.
LILES, Chief Judge.
Defendant was originally charged, along with two others, with robbery. At his first trial he was found guilty, while his co-defendants were acquitted, and a new trial was granted. At his second trial defendant was convicted on two counts, one of robbery, and one of assault with intent to commit robbery, and this appeal followed.
Defendant raises several points on appeal, only the last of which requires discussion. It is urged that error was committed because the trial judge failed "to instruct the jury on each and every lesser included offense, having once undertaken to instruct on one or more of them." Defendant asserts in his brief that he orally requested instructions on the crimes of Aggravated Assault and Assault and Battery  which he concludes, perhaps erroneously,[1] are necessarily included offenses to Assault With Intent To Commit Robbery  but that the lower court denied his requests. The State contends, on the other hand, that defendant failed to request the giving of the contested instructions. Thus, whether or not the defendant properly preserved his error in the trial court is in issue.
Section 918.10, F.S.A., is particularly applicable to the present case. That statute reads in part:
"(3) At the close of the evidence, or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury.
"(4) No party may assign as error or grounds of appeal, the giving or the failure to give an instruction, unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects, and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury." (Emphasis supplied.)
Under our interpretation of the cases of Brown v. State, Fla. 1968, 206 So.2d 377, and Hand v. State, Fla. 1967, 199 So.2d 100, a written request for an instruction on a lesser included offense is unnecessary, provided the trial counsel orally requests the instruction and the judge refuses to give it. To require a written request in this situation is to require a gesture that would serve no useful purpose. In the instant case, however, not only has there been a failure on the part of the defendant to request the desired instructions in writing, *442 but in our opinion he also failed to ask for them orally.
After carefully reading the trial transcript the most we can say with respect to this matter is that the defendant through his counsel objected to instructions on Assault With Intent To Commit Robbery and Attempted Robbery as lesser included offenses. Nowhere in the record have we been able to find where defendant requested instructions on either Aggravated Assault or Assault and Battery as lesser included offenses. Nowhere has the trial judge been given the opportunity to err in connection with these instructions. The crime of Assault and Battery was never mentioned by either the trial judge or counsel with reference to the instructions, and Aggravated Assault was uttered only peripherally by the defense.
There is some question under the Brown v. State decision, supra, as to whether a criminal defendant must raise in the trial court the failure to give an instruction on lesser included offenses at all. As we read the case, however, it is still mandatory to lodge the objection regardless of whether the lesser offenses are considered necessarily included or possibly included. We derive this opinion from the language of the Supreme Court found in 206 So.2d 384:
"Ordinarily, if a particular instruction is desired, it should be drafted and submitted to the trial judge. Foreman v. State, 47 So.2d 308 (Fla. 1950); Flagler v. State 198 So.2d 313 (Fla. 1967). This is the proper course and due caution suggests that it be followed. A trial judge would be fully justified in requiring that a written instruction be submitted. Further, under § 918.10, the failure to give an instruction is of no avail on appeal unless it is requested and improperly refused at the trial level. The provisions of § 919.14 and § 919.16, to the effect that the trial judge `shall' charge the jury, must be applied in the light of the requirements of § 918.10 as construed by this Court. We discussed the problem at some length in Hand v. State, supra, where we reached the same conclusion which we reach here. In this connection, the trial judge is not without some considerable responsibility. The cited statute does impose upon him the duty to charge the jury upon the law of the case. This is an important aspect of the criminal trial, which is a mutual responsibility of judge, prosecutor and defense attorney."
Thus, since the defendant has failed both orally and in writing to request the instruction on aggravated assault and assault and battery, we cannot say that any error was committed by the lower court. Flagler v. State, Fla. 1967, 198 So.2d 313.
Affirmed.
ALLEN and HOBSON, JJ., concur.
NOTES
[1] In Brown v. State, Fla. 1968, 206 So.2d 377, 383, it is said that "aggravated assault" is not a necessarily included offense to "assault with intent to commit robbery," although in the proper circumstances it could be a lesser included offense.