BARNS, PAUL D., Associate Judge.
At trial, the appellant was adjudged guilty of robbery and conspiracy, as charged in Counts 1 and 2 of Information No. 97471, and sentenced to life imprisonment. At the same trial and time, the defendant was adjudged guilty of robbery and conspiracy as charged in Counts 1 and 2 of Information No. 97472, and sentenced to life imprisonment, “said imprisonment to run concurrently with sentence in Case No. 97471.”
VERDICTS
(Information No. 97471)
“We, the Jury, find the Defendant, CLARENCE SLOAN, GUILTY of ROBBERY, as charged in Information No. 97471.
“So say we all.
“We, the Jury, find the defendant, CLARENCE SLOAN, GUILTY of CONSPIRACY, as charged in Information No. 97471.
“So say we all.”
(Information No. 97472)
“We, the Jury, find the Defendant, CLARENCE SLOAN, GUILTY of ROBBERY, as charged in the SECOND COUNT of Information No. 97472.
“So say we all.
“We, the Jury, find the Defendant, CLARENCE SLOAN, GUILTY of CONSPIRACY, as charged in Information No. 97472.
“So say we all.”
Counts No. 1 of both informations charged Sloan and others with conspiracy to commit the felony of robbery of the same victims that Sloan was found guilty of robbing under Counts No. 2 of each information.
Count No. 2 of Information No. 97471, charges that the defendant with other named persons did, on the 26th day of June, 1964, unlawfully and feloniously aid, abet, counsel and procure the robbery of Tina Bruner by force, violence and assault, of the sum of $300.00 and one pistol.
Count No. 2 of Information No. 97472, charges that the defendant with other named persons did, on the 23rd day of June, 1964, unlawfully and feloniously aid, abet, counsel and procure- the felonious robbery of Edgar Louis Maroon, Jr., by force, violence and assault of the sum of $60.90.
This appears to charge the defendant as an accessory before the fact, which would make him a principal in the first degree (an offense punishable as if he committed the crime himself). The governing statutes are F.S.1967, Sections 813.011 and 776.011, F.S.A., as follows:
“813.011 Robbery defined; penalties.— Whoever, by force, violence or assault or putting in fear, feloniously robs, steals and takes away from the person or custody of another, money or other property which may be the subject of larceny, shall be punished by imprisonment in the state prison for life or for any lesser term of years, at the discretion of the court.”
“776.011 Principal in first degree. — Whoever commits any criminal offense against the state, whether felony or misdemeanor, or aids, abets, counsels, hires, or otherwise procures such offense to be committed, is a principal in the first degree and may be charged, convicted and punished as such, whether he is or is not actually or constructively present at the commission of such offense.”
*865 POINT ONE
Appellant’s counsel’s first point is supplemental assignment of error No. 1 which is as follows:
“1. The court erred in allowing the co-defendants to be tried at the same trial, without giving them the benefit of separate trials.”
The appellant Sloan went to trial with a co-defendant, Tuben Albert Maze, on both in-formations without objection. Appellant makes no attempt to show that the joint trial with his co-defendant in anywise prejudiced his right to a fair trial in either case. Cf. Parker v. United States, 9 Cir. 1968, 404 F.2d 1193, wherein the court held that the denial of the motion for severance was not prejudicial error. This point is without merit.
POINT TWO
Appellant’s attorney’s point two is based on assignment of error No. 2 which is as follows:
“2. The Court erred in failing to instruct on the lesser offenses of robbery.”
F.S. Section 918.10, F.S.A., provides that:
“(3) At the close of the evidence, or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury.
“(4) No party may assign as error or grounds of appeal, the giving or the failure to give an instruction, unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects, and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury.”
Appellant’s brief relies on two cases for reversal, viz., Hand v. State, Fla.1967, 199 So.2d 100 (per Justice Ervin) and Brown v. State, Fla.1968, 206 So.2d 377 (per Justice Thornal). In both cases, the defend•ant was charged with robbery and the attorney for the defendant had requested the trial court to give an instruction to' the jury permitting it to return a verdict finding the defendant guilty of larceny, since every robbery includes the crime of larceny. Both cases found the trial court erred in denying a request to give the requested charge or instruction to the jury.
F.S.1967, Section 924.33, F.S.A., relating to criminal procedure provides:
“No judgment shall be reversed unless the appellate court after an examination of all the appeal papers is of the opinion that error was committed which injuriously affected the substantial rights of the appellant. It shall not be presumed that error injuriously affected the substantial rights of the appellant.”
See also F.S.1967, Section 59.041, F.S.A., relating to harmless error.
Considering that appellant has failed to show that the failure of the trial court to voluntarily instruct the jury on the lesser crime of larceny has in anywise “injuriously affected the substantial rights of the appellant”; or to show that such failure is “plain error” sufficient to impair defendant’s right to a fair trial, under the circumstances as shown by record on appeal, we find appellant’s second point is without merit.
Information No. 97471. Although not raised on appeal, it appears that on this information Sloan was only found guilty of conspiracy under Count 1 and of robbery under Count 2, yet the judgment recites that he was convicted under Counts 2, 3 and 1. This error may be corrected on motion upon remand.
The judgments appealed from are—
Affirmed.
CROSS, C. J., and WALDEN, J., concur.