WIGGINTON, Judge.
Appellant was informed against, tried by a jury and convicted of armed robbery on March 10, 1964. More than five years later he filed a petition for writ of habeas corpus in the United States District Court for the Middle District of Florida seeking his release from prison. Upon consideration of that petition the judge of that court entered an order expressing the view that appellant was entitled at this late date to a full appellate review of his judgment of conviction and sentence. The order further opined that appellant should have the right to file a petition in the Circuit Court of Duval County seeking a declaration of the proper procedure to be followed in order to obtain the equivalent of a direct appeal. The Circuit Court of Duval County mistakenly construed this order to require that appellant be afforded a full appellate review of his judgment of conviction and sentence without further consideration as to whether such was authorized under the laws of this state. Patently, a United States District Judge possesses no lawful power or authority to issue mandates directing the courts of this state to take any affirmative action in matters falling within their constitutional jurisdiction. Based upon such misinterpretation *670 of the federal court order, the Circuit Court of Duval County granted a full appellate review of the judgment of conviction and sentence, pursuant to which appellant is now incarcerated, without any further proof of entitlement thereto and appointed counsel to represent him on this appeal. Rather than further belabor the jurisdictional question concerning the right of appellant to the review he now seeks which has neither been questioned by the Attorney General of Florida nor raised as a point on appeal, we will pass to the merits of the case and determine whether the judgment of conviction here assaulted is illegal and should be set aside.
Appellant makes no contention that the evidence which establishes his guilt of the crime charged is insufficient to sustain the judgment of conviction. As is so frequently the case in today’s administration of criminal justice the fact that one charged with crime has been proved beyond all doubt to be guilty of the offense charged is considered to be secondary and treated as somewhat irrelevant when the convicted defendant pursues an appeal to a higher court. Freedom from the consequences of criminal conduct is more often sought on alleged deprivation of recently discovered constitutional rights or on legal technicalities created by court-made rules and decisions.
In the case sub judice appellant’s principal point on appeal challenges the legality of his judgment of conviction and asks that it be set aside because the trial court failed to instruct the jury on lesser offenses included within the offense of robbery with which he was charged. It is appellant’s contention that the statute which requires charges on lesser included offenses is mandatory,[1] and the court’s failure to comply with it infects the verdict of guilt and requires that it be set aside.
In the case of Hand v. State[2] the Supreme Court held that regardless of the posture of the evidence adduced at the trial of a criminal case, if a defendant is charged with a crime which necessarily includes lesser offenses or lesser degrees of the same offense, the statute requires the trial court to instruct the jury on such lesser offenses or degrees of crime when requested to do so by either of the parties to the cause. The court had previously held in Flagler v. State[3] that failure of the trial judge to instruct the jury on lesser included offenses was neither prejudicial nor reversible error when no request for such additional instructions was timely made by the complaining party. The decision in Flagler has been uniformly followed by the appellate courts of this state.[4] Appellant having failed to request the court to instruct the jury on the law of lesser included offenses during the trial, the court’s failure to so instruct was not reversible error. Appellant’s complaint comes too late.
We have carefully considered the remaining point on appeal urged by appellant but find it to be without merit. The judgment appealed is affirmed.
CARROLL, DONALD K., Acting C. J., and RAWLS, J., concur.

. F.S. § 919.16, F.S.A.

. Hand v. State, (Fla.1967) 199 So.2d 100.

. Flagler v. State, (Fla.1967) 198 So.2d 313.

.Sloan v. State, (Fla.App.1969) 226 So. 2d 863; Jerry v. State, (Fla.App.1968) 213 So.2d 440; Brown v. State, (Fla. 1968) 206 So.2d 377.