LILES, Acting Chief Judge.
Appellant, at gun point, took $72.00 from Gertrude Sellers, an employee of Shop Kwik Stores, and received 75 years for his trouble.
 He was tried by jury, found guilty and he appeals. He was represented by private counsel at trial and by the Public Defender on this appeal. The Public Defender filed an “Anders” type brief and this court, pursuant to its order in Leone v. State, Fla.App.1970, 233 So.2d 404, allowed appellant to file in pro. per. any additional material he desired. Appellant questions the introduction of photographs bearing his likeness into evidence. He also maintains that the trial judge erred in failing to allow his counsel to attempt to impeach the memory and credibility of the State’s witness, Mrs. Sellers, who was the victim, and to attempt to show bias on the part of the State’s witness, a deputy sheriff.
We have meticulously read the record in this cause. The photographs in question were used for identification purposes and *556 were brought by the deputy sheriff along with several others for her examination. She identified the appellant from the photographs and then clearly made an in-court identification. Therefore, we believe it is immaterial what she may or may not have said regarding the photographs. She did, in fact, identify the appellant as being the robber and she testified that she knew him because he had been a frequent visitor to the store over a period of time prior to the robbery. Therefore, these points are without merit.
Appellant next maintains that the trial judge committed reversible error in failing to charge the jury on the lesser included offense of larceny as provided for in Fla.Stat. § 919.16, F.S.A[1] “Upon an indictment or information for any offense the jury may convict . . . him of any offense which is necessarily included in the offense charged. The court shall, charge the jury in this regard.” The leading case on this question is Brown v. State, Fla.1968, 206 So.2d 377. There, the late Justice Thornal covered necessarily included lesser offenses exhaustively, and we conclude from that decision that larceny is a necessarily included lesser offense of robbery.
The record clearly demonstrates that appellant’s counsel failed to request charge on lesser included offense, i. e., larceny. We hasten to add, however, that from the evidence it is inconceivable that such a charge would have made a difference. At the conclusion of the trial and the judge’s charges to the jury, he asked, “Are there any additional requested instructions, gentlemen ? ” Mr. Abdoney answered for the State, “None your Honor.” Mr. Ross for the defendant answered, “None your Honor.”
Therefore, no charge on a lesser included offense of larceny was requested and none was given. The cases are clear and unequivocal on this point.
“[FJailure of the trial judge to instruct the jury on lesser included offenses was neither prejudicial nor reversible error when no request for such additional instructions was timely made by the complaining party.” Grizzell v. State, Fla.App.1970, 233 So.2d 669, 670.
See also, Sloan v. State, Fla.App.1969, 226 So.2d 863; Jerry v. State, Fla.App.1968, 213 So.2d 440; Brown v. State, Fla.1968, 206 So.2d 377.
Appellant urges that the provisions contained in Fla.Stat. § 919.16, F.S.A., should be construed in pari materia with § 918.10. It is to be noted that 918.10 was amended effective January 1971, materially changing the old Section 918.10. Laws of Florida, Chapter 70-339, § 117, [1970], comments that sub-sections (4) and (5) of 918.10 are covered by Florida Appellate Rule 6.7, subd. g, 32 F.S.A. It should also be noted that § 919.16, Fla.Stat., F.S.A., has been repealed and is now covered by Florida Criminal Procedure Rule 3.510. Therefore, while the statute has been changed since Brown and the other cases, the requirement that the request for instruction be made is not altered.[2]
No reversible or prejudicial error having been shown, the judgment is affirmed.
MANN and McNULTY, JJ„ concur.

. Section 919.16 repealed effective January 1, 1971. Laws of Florida, Ch. 70-339, § 180 [1970], See FCrPR 3.510, 33 F.S.A.

. We do not here comment on the reasons the Legislature changed 918.10 which, in our opinion, was clear and concise language covering the trial judge’s duty to charge. We simply comment that they have made a clear statute into a vague and confusing one.