KLEIN, J.
Appellant, who was convicted of car jacking, argues that his taking the victim’s car did not involve fear or force and accordingly the trial court should have granted his motion for judgment of acquittal on that charge. We affirm.
The elements of car jacking are contained in section 812.133(1), Florida Statutes (2001):
“Car jacking” means the taking of a motor vehicle which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the motor vehicle, when in the course of the taking there is the use of force, violence, assault, or putting in fear.
The victim testified that, as she was sitting in the driver’s seat of her car, with her door open, in the parking lot of a hospital, the defendant came up to her and stood right beside where she was sitting so that she was unable to get out of the car. He was about twelve inches away, tall and weighed over 220 pounds. He did not move, and the only thing he said was “don’t get nervous” which he repeated. The victim felt threatened, jumped out of the car while pushing him aside, and ran away, after which appellant drove away with her car. On cross-examination the victim admitted that appellant did not verbally threaten her, but she felt threatened by his body language and demeanor.
In Flagler v. State, 198 So.2d 313 (Fla.1967), a woman, accompanied by her young son, was in her car at a stop sign when the defendant, a stranger, opened the door and took a seat in the car. After a short period of silence, he took the woman’s pocket book and left the car. The woman testified that she was afraid and said nothing while he was in the car because of the fear that he would do something to her child. The defendant argued that his conviction for robbery should have been reversed because he had not taken the victim’s purse by force or putting her in fear. Our supreme court affirmed holding that the facts easily supported the element of fear. We conclude, based on Flagler, that the element of “putting in fear” was established in this case and affirm.
STONE and TAYLOR, JJ., concur.