PER CURIAM.
Appellant has appealed from a-judgment entered on a jury verdict finding him guilty of robbery as charged in the information. Only one point is before us on this appeal — whether the trial court erred in refusing to give appellant — defendant’s requested instruction on larceny as a lesser included offense of robbery.
This Court has previously issued decisions holding that the trial court does not have to instruct the jury on larceny when the evidence adduced at the trial is not reasonably susceptible of an inference that the stealing was accomplished without force, violence, assault, or putting in fear. Hand *495 v. State, 188 So.2d 364 (Fla.App. 1st, 1966); Brown v. State, 191 So.2d 296 (Fla.App. 1st, 1966). Our decision in the Hand case was expressly overruled by the Supreme Court in two cases consolidated for appeal, Hand v. State (Raulerson v. State), opinion filed May 17, 1967, 199 So. 2d 100. It was there held that a trial judge has a duty to charge the jury on the lesser included offense of larceny when the defendant who requests such a charge is being tried for the offense of robbery.
In light of that decision it was prejudicial error for the lower court in the case at bar to refuse to instruct the jury on the offense of larceny. Therefore, we must reverse the judgment which was entered and remand for a new trial. Further proceeding in this cause must be in keeping with the views as expressed by the Supreme Court on the subject.
JOHNSON and SPECTOR, JJ., concur.
WIGGINTON, C. J., concurs specially.