206 So.2d 377 (1968)
Ernest BROWN, Petitioner,
v.
STATE of Florida, Respondent.
No. 35773.
Supreme Court of Florida.
January 17, 1968.
As Modified February 20, 1968.
*379 T. Edward Austin, Jr., Public Defender, and James L. Harrison, Assistant Public Defender, for petitioner.
Earl Faircloth, Atty. Gen., and David U. Tumin, Asst. Atty. Gen., for respondent.
THORNAL, Justice.
By petition for certiorari we have for review a decision of the District Court of Appeal, First District, because of an alleged conflict with a prior decision of this Court. See, Brown v. State, 191 So.2d 296 (1st Fla.App. 1966).
We must consider the problem of lesser included offenses and jury instructions with reference thereto.
On October 24, 1964, petitioner Brown entered a Jacksonville grocery store. At gunpoint, he forced the cashier to turn over to him the contents of the cash register. About an hour later, Brown was arrested and the total "take" amounting to $68.00 was recovered. He was charged with robbery and brought to trial. At the close of all the evidence Brown's attorney requested "a verdict form of larceny". The trial judge denied the request, announcing, "Well, I'm not going to give a charge on larceny. I don't think there is anything whatsoever here to support it". Defense counsel registered his objection. Brown was convicted of robbery. On appeal the District Court affirmed. Its decision is now here for review.
Petitioner alleges a conflict between the decision in the instant case, and, the decision of this Court in Jimenez v. State, 158 Fla. 719, 30 So.2d 292 (1947). In the case at bar, the District Court held that a charge on a lesser included offense is not required because the evidence "was not susceptible of a reasonable inference by the jury that the appellant was guilty of the lesser offense * * * and not of the greater offense * * *." In effect the District Court held that in order to justify a charge on a lesser included offense, the evidence must be such as to exclude the possibility of a conviction of the greater offense charged. This holding does conflict with Jimenez, supra. It was there held that an accused may be convicted of a lesser included offense even though the proofs show that he could be found guilty of the greater offense charged. In the case before us, the District Court held that the evidence must show that the accused committed the lesser offense but must also show that the greater offense charged in the information was not committed. Having acquired jurisdiction, we proceed to consider the cause on its merits. Fla. *380 Const. Art. V, § 4, F.S.A.; Tyus v. Apalachicola N.R.R., 130 So.2d 580 (Fla. 1961).
Recent months have presented to our appellate courts a rash of lesser included offense situations. Our own consideration of the cases which have reached us, suggests the advisability of an historical analysis of the problem and a definitive statement of applicable rules for the guidance of Florida courts. The situation is one which has challenged the effective administration of criminal justice for centuries. It is as old as the common law. Indeed, Blackstone tells us that there were recognized degrees of guilt which distinguished the seriousness of offenses, and hence the punishment, even among the Gothic and Roman predecessors of the common law. Blackstone's Commentaries, Lewis ed. Vol. 2, p. 1587 (1898). We are similarly told that at common law, a jury may "convict of a cognate offense [sic] of the same character but of a less aggravated nature, if the words of the indictment are wide enough to cover such an offence [sic]". Halsbury's, Laws of England, 2nd ed., Vol. IX, p. 175.
The English cases support the text-writers. In Mackalley's case, 9 Co.Rep. 616, at pp. 65a, 67b (1611), it was held that on an indictment for murder a defendant may be convicted of manslaughter. Reg. v. Greenwood, 7 Cox C.C. 404 (1857). See also, 2 Hale P.C. 302. At common law, there were two degrees of unlawful homicide  murder and manslaughter, depending on a finding of malice in the commission of the act. In Reg. v. Greenwood, supra, the jury was instructed that they were privileged to ignore a justifiable inference of constructive malice as shown by the evidence, and in their discretion, bring in a verdict of manslaughter on an indictment for murder which accompanied a rape. R. v. French, 14 C.C. 328 (1879).
In the area of lesser included offenses the common law permitted conviction of a lesser offense within the major offense charged, when such lesser offense is supported also by the proofs. Rex v. Hunt, 2 Camp. 583 (1811). In Rex v. Hollingsberry, 4 B. & C. 329 (1825), it was held that in a criminal case, it is sufficient simply to prove so much of the charge as constitutes an offense punishable at law. See also, R. v. Brookes, Car. & M. 543 (1842); Rex v. Bullock, 1 Mood. C.C. 324(n) (1825).
These English cases are cited as illustrative of common law decisional bases for the Florida statutory provisions which we hereafter discuss. They also add historical support for our application of these statutes to the several types of situations which we shall elaborate. We emphasize the importance of the statutes which we quote. A thorough acquaintance with the provisions of these statutes is absolutely essential to a correct solution of the problems at hand.
Crimes divisible into degrees are governed by Fla. Stat. § 919.14 (1965), F.S.A., which provides:
"Determination of degree of offense. If the indictment or information charges an offense which is divided into degrees, without specifying the degree, the jurors may find the defendant guilty of any degree of the offense charged; if the indictment or information charges a particular degree the jurors may find the defendant guilty of the degree charged or of any lesser degree. The court shall in all such cases charge the jury as to the degrees of the offense."
Convictions of attempt and lesser included offenses are governed by Fla. Stat. § 919.16 (1965), F.S.A., as follows:
"Conviction of attempt; conviction of included offense. Upon an indictment or information for any offense the jurors may convict the defendant of an attempt to commit such offense, if such attempt is an offense, or convict him of any offense which is necessarily included in the offense charged. The court shall charge the jury in this regard."
*381 Attempts generally are condemned, and punishment therefor provided by Fla. Stat. § 776.04 (1965), F.S.A. The problem of instructions is dealt with in our discussion of Fla. Stat. § 918.10 (1965), F.S.A., infra.
The quoted statutes suggest four categories or situations which have distinguishing characteristics and should not be confused. They are:
(1) Crimes divisible into degrees.
(2) Attempts to commit offenses.
(3) Offenses necessarily included in the offense charged.
(4) Offenses which may or may not be included in the offense charged, depending on the accusatory pleading and the evidence.
We proceed now to discuss the rules applicable to each of the categories outlined above.
(1) CRIMES DIVISIBLE INTO DEGREES. Section 919.14, applies only to those crimes which are divided into degrees, e.g., unlawful homicide (Fla. Stat. §§ 782.04, 782.06, F.S.A.), and, arson (Fla. Stat. §§ 806.01-806.04, F.S.A.). If an accused is charged with the highest degree of such a crime, the court should charge the jury on all lesser degrees. In this category it is immaterial whether the indictment specifically charges the lesser degrees or whether there is any evidence of a crime of such degree. Killen v. State, 92 So.2d 825 (Fla. 1957); Brown v. State, 124 So.2d 481 (Fla. 1960). The court must instruct on the lesser degrees simply because § 919.14 clearly requires it, and not because such degrees are necessarily included lesser offenses. In many cases the elements of the lesser degrees are totally distinct from the offense charged. See e.g., Clemmons v. State, 43 Fla. 200, 30 So. 699 (1901). If the evidence is sufficient to support a verdict of guilty of the offense charged, the jury has the power, under § 919.14 to find the accused guilty of a lesser degree of the offense regardless of the lack of evidence as to such degree. Killen v. State, supra; Hodella v. State, 158 Fla. 94, 27 So.2d 674 (1946). Under the statute, the trial judge should, and if requested must, instruct on all lesser degrees of the offense, if the case is allowed to go to the jury for a determination of guilt or innocence on the offense charged. Brown v. State, 124 So.2d 481 (Fla. 1960).
(2) ATTEMPTS. Under § 919.16, a jury is empowered to convict a defendant of an attempt to commit the offense charged in the accusatory pleading, if such an attempt is itself an offense. Attempts generally are proscribed by § 776.04, supra. In limited situations attempts to commit described acts are defined as separate substantive offenses. For example, Fla. Stat. § 806.04, F.S.A. defines fourth degree arson in terms of an attempt to burn certain property.
Section 919.16, simply requires that in every case, the trial judge must determine as a matter of law whether an attempt to commit the crime charged would itself constitute an offense under Florida law. If he determines that it does, either under § 776.04, or under a separate statute, then he must instruct the jury on the subject of such attempt, and the jury may find guilt accordingly. In this situation it is immaterial whether the accusatory pleading specifically charges an attempt. Further, the charge must be given, even though, in the opinion of the trial judge, the proofs establish guilt of the crime charged rather than a mere attempt to commit it.
(3) NECESSARILY INCLUDED OFFENSES. This category also stems from § 919.16, which requires an instruction on "any offense which is necessarily included in the offense charged". The statutory mandate here requires that the lesser offense be necessarily included in the major offense charged by the accusatory pleading. This simply *382 means that the lesser offense must be an essential aspect of the major offense. In other words, the burden of proof of the major crime cannot be discharged, without proving the lesser crime as an essential link in the chain of evidence. For example, in order to prove a robbery, the state must necessarily prove a larceny as an essential element of the major offense. This is so because every robbery necessarily includes a larceny. Arnold v. State, 83 So.2d 105 (Fla. 1955). It is legally impossible to prove a robbery without also proving a larceny. In such a situation, § 919.16, requires the instruction on the lesser offense, even though the proofs might satisfy the trial judge that the more serious offense was committed. This is so because under the quoted statute it is not within his province to make this decision. Section 919.16, grants to the jury the discretion to convict of a necessarily included lesser offense, just as § 919.14 grants a similar discretion regarding crimes divisible into degrees. Killen v. State, supra; Hodella v. State, supra.
The District Court correctly stated that under § 919.16, all the "essential elements of the lesser included offense must be alleged in the indictment or information under which the accused is charged," and that "evidence must have been adduced at the trial to establish all of the essential elements of the lesser offense". Brown v. State, supra at 191 So.2d 296. Here is a difference between § 919.16,  the necessarily included offense statute  and § 919.14  the divisibility into degrees statute. Under the former the lesser offense must necessarily be included in the offense charged. Hence, it is necessary to prove the lesser in order to prove the greater. Under § 919.14, the lesser degrees of the major crime are not necessarily included in it, and, therefore, are not essential elements of proof in establishing it. Nevertheless, the statute, § 919.14, permits a jury to convict of the lesser degree regardless of the accusation and proofs.
Under § 919.16, if there is sufficient evidence to establish the offense charged, there is necessarily sufficient evidence to establish all elements of the lesser included offense. Consequently, if the trial judge finds the evidence sufficient to go to the jury on the major offense, it is inescapable that there must have been proof of the minor offense which is necessarily included in the major.
Here the District Court sustained a refusal to instruct on larceny, because, in its view, the evidence was not reasonably susceptible of a jury inference that the stealing was accomplished without force. Thus, it concluded that since use of force was proved, only robbery could be found, and the jury was powerless to find larceny as a necessarily included offense. Such a holding overlooks the specific authority of § 919.16, and thereby deprives the jury of a discretion which the Legislature has granted to it. It is not persuasive to insist that this conclusion lacks logic. The same presentment could be made against the basic rule that gives to the accused the right to have the jury consider the evidence and, if it desires, find him not guilty of any crime, even though the trial judge might be fully convinced that the evidence overwhelmingly establishes his guilt. Pure logic would suggest that the accused has no right to go to the jury because the accusation has been proved beyond all doubt. However, the law gives him the right to have a jury verdict on the charge and we feel constrained to follow the law. Despite the protestations of some of our respected colleagues of the appellate bench  Adams v. State, 201 So.2d 494, 495 (1st Fla.App. 1967)  a trial judge is required to instruct on necessarily included offenses because the law, particularly § 919.16, requires it. Actually, we think the requirement comports with logic, within the confines of our adversary system, because it enables the state to have adjudicated in one trial all aspects of a criminal charge arising out of one transaction. Similarly, it protects a defendant against a "splitting of accusations" *383 with resultant multitudinous prosecutions and trials. See, Hand v. State, 199 So.2d 100 (Fla. 1967).
(4) OFFENSES WHICH MAY BE INCLUDED. Section 919.16, makes provision for offenses which are necessarily included in the offense charged. It is applicable to that group of offenses which includes lesser offenses as essential elements. This suggests a further type of "lesser included" situation. This fourth category comprehends those offenses which may or may not be included in the offense charged, depending upon, (a) the accusatory pleading, and (b) the evidence at the trial. In this category, the trial judge must examine the information to determine whether it alleges all of the elements of a lesser offense, albeit such lesser offense is not an essential ingredient of the major offense alleged. If the accusation is present, then the judge must determine from the evidence whether it supports the allegation of the lesser included offense. If the allegata and probata are present then there should be a charge on the lesser offense.
For example, if a person were charged with "assault with intent to commit robbery", it could not be held as a matter of law (under category (3) above) that "aggravated assault" was a necessarily included lesser offense, although simple assault obviously would be. On the other hand, if the information charged "assault with a deadly weapon with intent to commit robbery", then "aggravated assault"  assault with a deadly weapon  would be a lesser included offense. An instruction should then be given if use of a deadly weapon was established by the proof. If such proof were lacking, the "aggravated assault" instruction should not be given, although the case could still go to the jury on the main charge of "assault with intent to commit robbery".
Here, we note the distinction between category (3) and category (4). In the former the lesser offense is an essential ingredient of the major crime charged. In the latter, it may or may not be depending upon the particular allegations of the accusatory pleading and the proofs tendered in support thereof.
In all of these "major and minor" offense situations we are confronted by the organic requirement that the accusatory pleading apprise the defendant of all offenses of which he may be convicted. Fla. Const. Dec. of Rights, § 11; Robinson v. State, 69 Fla. 521, 68 So. 649, L.R.A. 1915E, 1215 (1915). In the first three categories, the offenses of which the defendant may be convicted can be determined from the information or indictment and the cited statutes. In category four situations the lesser offense must be comprehended by the allegations of the information and supported by the proof.
In the case before us the accused, Brown, was entitled to have a jury instruction on larceny because that offense is necessarily included in the crime of robbery. The fact that the trial judge felt that robbery had been proved would not preclude the larceny charge because in this situation § 919.16 grants to the jury the discretion to determine whether it will convict of the major or minor offense.
Finally, we must decide whether the defendant, Brown, waived the lesser offense privilege by failing to submit a written requested instruction on larceny.
Fla. Stat., § 918.10, F.S.A., reads in part as follows:
"(3) At the close of the evidence, or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury.
"(4) No party may assign as error or grounds of appeal, the giving or the failure to give an instruction, unless he objects thereto before the jury retires to *384 consider its verdict, stating distinctly the matter to which he objects, and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."
Brown's attorney did not file a written request for an instruction. He orally requested "a verdict form on larceny". The trial judge replied that he was "not going to give a charge on larceny". The lawyer, at the proper time, objected to the judge's failure to instruct on larceny. It is clear that the matter was brought to the attention of the judge. It is equally clear that he had no intention of giving the larceny charge regardless of whether a written motion or formally drafted charge were submitted. It would have been a totally useless gesture for counsel to have tendered a prepared instruction. The judge simply refused to give any instruction on larceny. A lawyer is not required to pursue a completely useless course when the judge has announced in advance that it will be fruitless. Birge v. State, 92 So.2d 819 (Fla. 1957).
Ordinarily, if a particular instruction is desired, it should be drafted and submitted to the trial judge. Foreman v. State, 47 So.2d 308 (Fla. 1950); Flagler v. State, 198 So.2d 313 (Fla. 1967). This is the proper course and due caution suggests that it be followed. A trial judge would be fully justified in requiring that a written instruction be submitted. Further, under § 918.10, the failure to give an instruction is of no avail on appeal unless it is requested and improperly refused at the trial level. The provisions of § 919.14 and § 919.16, to the effect that the trial judge "shall" charge the jury, must be applied in the light of the requirements of § 918.10 as construed by this Court. We discussed the problem at some length in Hand v. State, supra, where we reached the same conclusion which we reach here. In this connection, the trial judge is not without some considerable responsibility. The cited statute does impose upon him the duty to charge the jury upon the law of the case. This is an important aspect of the criminal trial, which is a mutual responsibility of judge, prosecutor and defense attorney.
We summarize our holdings as follows:
(1) When a crime is divisible into degrees, the trial judge, under § 919.14, should instruct on all degrees including the crime charged and all degrees less than the crime charged.
(2) Attempt to commit the crime charged should be covered by an instruction under § 919.16.
(3) Necessarily included offenses should always be covered by an instruction, even though the trial judge is satisfied that the major crime charged has also been proved. If the evidence is sufficient to go to the jury on the major crime then the necessarily included offense instruction should ge given.
(4) There should be an instruction on all lesser offenses which are covered by the accusatory pleading and supported by the evidence, even though the major crime charged could otherwise be established without proof of the lesser offense.
(5) All desired instructions should be requested in writing. A failure to request them may waive the right to have the instructions given, unless, as here, the submission of a particular formal written instruction is obviously a useless gesture.
The decision of the District Court is quashed and the cause is remanded for further proceedings consistent herewith.
It is so ordered.
CALDWELL, C.J., and ERVIN, J., and WHITE, Circuit Judge (Retired), concur.
DREW, J., concurs specially with opinion.
DREW, Justice (concurring specially):
I concur in the opinion and judgment in this cause but with the reservations that I *385 have heretofore expressed concerning the duty of the trial judge to instruct the jury in his general charge on lesser degrees of an offense and lesser included offenses. See my dissents in the following cases: Brown v. State, Fla., 124 So.2d 481, text 485; Johnson v. State, Fla., 130 So.2d 599, text 601; Dawson v. State, Fla., 139 So.2d 408, text 418-419. See also Killen v. State, Fla., 92 So.2d 825.