PER CURIAM.
Appellant was charged by information with the crime of second degree murder. She was tried before a jury in the criminal court of record in Dade County, found and adjudged guilty of manslaughter, and sentenced to imprisonment for a period of four years. Her motion for new trial was denied, and this appeal followed.
It was shown without dispute that the appellant shot and killed one Philip Giber-son. The evidence was in conflict as to the actions of the deceased toward the appellant in an altercation in the course of which the shooting occurred.
The appellant contends that on the version of the transaction as given in her testimony, the homicide was justifiable. We cannot agree. Moreover, the jury, as trier of the facts, was not required to accept the defendant’s testimony in that regard rather than the different evidence of the transaction which was in conflict therewith. In our opinion the verdict of manslaughter was supported by substantial competent evidence.
The court’s charge to the jury relating to two prior convictions of the appellant for misdemeanors did not constitute reversible error. In her testimony the defendant had revealed the prior convictions. The obvious purpose of the charge was to explain that such evidence goes to the credibility of the accused as a witness only and is not evidence as to guilt of the offense charged. The giving of the charge was appropriate in law, and we do not find that the wording thereof was prejudicial to the defendant.
The appellant argues that it was error for the court to charge on the lesser degrees of homicide when defendant requested that the court not so charge. The court did not commit error by charging on the lesser degree of the offense. The statute imposes a duty to so charge. Section 919.14 Fla.Stat., F.S.A. See Brown v. State, Fla.1967, 206 So.2d 377. Moreover, the state requested that the charge be given.
Affirmed.