MANN, Judge
(dissenting).
To Judge Liles’ correct analysis of Barn-hill I add three propositions:
1. Barnhill was wrongly decided.
2. This court has the power to say so.
3.Stare decisis is no barrier under these circumstances.
Our Supreme Court was divided on Barnhill, and all of the opinions are apologetic. It is one of those cases in which reversal without a showing of prejudice is mandated on the basis of a technicality. Since then the criminal law has developed to take much more account of the rights of the individual, and it is time for a corresponding development in the direction of affirmance of judgments like this one in which the individual’s rights have been respected but some procedural flaw may be found. There was no objection to the charge given, and Clark was convicted of the very charge for which he was prosecuted. There is a lesser offense, but no request was made for a charge on it. See Brown v. State, Fla.1968, 206 So.2d 377.
With reference to the second point, the District Courts of Appeal were established as final appellate tribunals. Ansin v. Thurston, Fla.1958, 101 So.2d 808. Our Supreme Court now functions in a different way: its mission is not to decide particular cases, but to determine and harmonize the law. Thus if we decide this case rightly — as Barnhill should have been decided originally — in favor of the view that unless a request for an instruction is made before the jury retires, as Fla.Stat. § 918.10(4), F.S.A. requires, the failure to give the instruction shall not be assigned as error on appeal, we would be in conflict with the Supreme Court’s decision in Barnhill and that court could review our decision under Article V, Section 4 of the Florida Constitution, F.S.A. There is no harm done. As it is, we merely perpetuate error, and so long as we do so there is no jurisdiction in our Supreme Court to eradicate error unless we certify that the question is one of great public importance and, in effect, ask the Supreme Court to have a fresh look at it.
Stare decisis is such a revered phrase that it is all too often accepted uncritically as a reason for continuing farther up a *501 wrong road. Stare decisis has weight variable according to the nature of the precedent argued as binding. Of course we should not alter retroactively a rule of property on which, for example, a testator now dead has based a testamentary disposition. That would be plainly wrong. But in this case there is no showing of prejudice or even that anyone thought of the necessity of charging the jury, despite the absence of a request, on the lesser included offense. There ought to be a simpler procedure — perhaps analogous to that requiring notice of alibi — in those cases in which the prior conviction is not disputed so that the proof of it need not require testimony from the clerk and judge of the court to prove this element of the offense.
I have delayed unduly the release of Judge Liles’ promptly written opinion while I searched for Florida authority for the judicial technique I think appropriate in such cases. I find none, but refer the reader to Chief Judge Haynsworth’s excellent opinion in Rowe v. Peyton, 1967, 383 F.2d 709, in which he wrote for a unanimous Fourth Circuit with reference to contrary Supreme Court precedent:
“[T]he Supreme Court dealt with this problem in 1934, before it became acute, in McNally v. Hill, [293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238] and it then supplied the doctrinaire answer. * * * Since McNally v. Hill the Supreme Court has not dealt directly with the problem, but it has embraced a more liberal, less technical concept of the writ. * * * The new approach is thoroughly inconsistent with the narrowly technical one of McNally.”
The following year the Supreme Court of the United States unanimously overruled McNally v. Hill in Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426. I do not speak here for even a majority, but I think the District Courts of Appeal should take notice of the erosion of doctrinal underpinnings of old precedents and decide these cases rightly. Judge Haynsworth spoke of a different problem, but his court handled it in what I think is a more appropriate way.
I would affirm, in frank recognition of the conflict between our decision and Barn-hill, and give our Supreme Court jurisdiction to look afresh at Barnhill, which seems to me to have been impliedly overruled by Brown.