WIGGINTON, Judge.
Appellant was charged by information with the offenses of robbery and false imprisonment. From a judgment of conviction and sentence based upon a jury verdict finding him guilty of robbery, this appeal is taken.
The evidence adduced at the trial on behalf of the state is amply sufficient to establish appellant’s guilt beyond a reasonable doubt. Only one of the three points urged by appellant for reversal of the judgment against him appears meritorious. The point in question involves the failure of the trial court to charge the jury in accordance with the law relating to lesser included offenses.
At no time during the trial did appellant’s attorney submit to the court a written request for an instruction on the law of lesser included offenses. After the court had completed its charge to the jury, however, appellant’s counsel promptly announced his objection to the court’s failure to charge the jury that larceny is a lesser offense included in the greater offense of robbery with which appellant was charged. The court overruled appellant’s objection without comment and submitted the case to the jury for its consideration and verdict. The jury found appellant guilty only of the charge of robbery, for which he was adjudged guilty and sentenced to a term of imprisonment.
F.S. Section 919.16, F.S.A., provides that upon an indictment or information for any offense, the jurors may convict the defendant of any offense which is necessarily included in the offense charged, and requires that the trial court charge the jury in this regard.
*26 In the case of Brown v. State [1] the Supreme Court said:
“(3) NECESSARILY INCLUDED OFFENSES. This category also stems from § 919.16, which requires an instruction on ‘any offense which is necessarily included in the offense charged’. The statutory mandate here requires that the lesser offense be necessarily included in the major offense charged by the accusatory pleading. This simply means that the lesser offense must be an essential aspect of the major offense. In other words, the burden of proof of the major crime cannot be discharged, without proving the lesser crime as an essential link in the chain of evidence. For example, in order to prove a robbery, the state must necessarily prove a larceny as an essential element of the major offense. This is so because every robbery necessarily includes a larceny. Arnold v. State, 83 So.2d 105 (Fla.1955). It is legally impossible to prove a robbery without also proving a larceny. In such a situation, § 919.16, requires the instruction on the lesser offense, even though the proofs might satisfy the trial judge that the more serious offense was committed. This is so because under the quoted statute it is not within his province to make this decision. Section 919.-16, grants to the jury the discretion to convict of a necessarily included lesser offense, just as § 919.14 grants a similar discretion regarding crimes divisible into degrees. Killen v. State, [Fla., 92 So.2d 825] supra; Hodella v. State, [158 Fla. 94, 27 So.2d 674] supra.”
After holding that the defendant was entitled to have a jury instruction on larceny because that offense is necessarily included in the crime of robbery, the Supreme Court summarized its decision in the following words, to wit:
“(3) Necessarily included offenses should always be covered by an instruction, even though the trial judge is satisfied that the major crime charged has also been proved. If the evidence is sufficient to go to the jury on the major crime then the necessarily included offense instruction should be given.” [2]
In Brown the defendant likewise failed to request in writing an instruction on the law relating to lesser included offense, but after the court had completed its charge to the jury without including such an instruction, defendant’s attorney requested a verdict form on larceny. To this request the trial judge replied that he was not going to give a charge on larceny, to which defendant’s attorney objected. The Supreme Court held that the failure of the court to instruct the jury on lesser included offenses as required by the statute had been properly and timely brought to the court’s attention, therefore, the defendant’s failure to file a written request for the instruction was immaterial. In this regard, the Supreme Court said:
“ * * * It is clear that the matter was brought to the attention of the judge. It is equally clear that he had no intention of giving the larceny charge regardless of whether a written motion or formally drafted charge were submitted. It would have been a totally useless gesture for counsel to have tendered a prepared instruction. The judge simply refused to give any instruction on larceny. A lawyer is not required to pursue a completely useless course when the judge has announced in advance that it will be fruitless. Birge v. State, 92 So. 2d 819 (Fla.1957).” [3]
We are unable to distinguish either factually or on principle the decision in *27 Brown from the case sub judice. As reluctant as we are to do so, we have no choice but to hold that the trial court in this case erred in failing or refusing to instruct the jury on the law relating to lesser included offenses when the matter was brought to its attention by the objection interposed by defendant’s counsel. For the foregoing reasons the judgment appealed is reversed and the cause remanded for new trial.
SPECTOR, C. J., and JOHNSON, J„ concur.

. Brown v. State (Fla.1968), 206 So.2d 377, 381, 382.

. Id. at 384.

. Ibid.