PER CURIAM.
We have for review on petition for writ of certiorari a decision of the District Court of Appeal, First District, reported at *902 247 So.2d 743. We have jurisdiction under Article V, Section 4(2) of the Florida Constitution, F.S.A. and Rule 4.5(c) (6) of the Florida Appellate Rules, 32 F.S.A., because that decision conflicts wtih Brown v. State, Fla.1968, 206 So.2d 377.
Respondent was indicted and tried for the crime of rape. At a conference on jury instructions held during the trial, he objected to the giving of any instructions on lesser included offenses. The trial judge informed Respondent that the objection would not be waived if he failed to make it in open court. The jury was instructed on the lesser included offenses of assault with intent to commit rape, assault and battery, and simple assault. He was convicted of assault with intent to commit rape. The District Court of Appeal, First District, reversed. That court held that a defendant may object to the giving of lesser included offense charges and may insist that he be tried only for the crimes set forth in the charging instrument.
The rule established by the District Court comports with logic and fairness. By not objecting to a lesser included offense instruction, a defendant would waive any contention that he was not given notice that the jury could convict him for lesser included offenses. When he did object, the State would be forced to have its case stand or fall on whether the jury found the defendant guilty of the crimes charged in the indictment or information. However, although it may have set forth the better rule, the District Court’s holding is not permitted under F.S. Section 919.16, F.S.A.* and our interpretation of that statute in Brown v. State, supra.
The statute provides:
“Upon an indictment or information for any offense the jurors may convict the defendant of an attempt to commit such offense, if such attempt is an offense, or convict him of any offense which is necessarily included in the offense charged. The court shall charge the jury in this regard!’ (Emphasis supplied.)
In Brown we held the “shall” mandatory, saying, “a trial judge is required to instruct on necessarily included offenses because the law, particularly § 919.-16, requires it.” Brown v. State, supra, at 382. The trial judge in the instant case, therefore, properly instructed the jury as to lesser included offenses necessarily included in the crime of rape, and the jury acted within its province in returning a verdict of guilty of a lesser included offense.
In addition to finding the trial court erroneously instructed the jury as to lesser included offenses, the District Court in this case concluded “the trial judge unduly limited defendant in proffering witnesses as to his character.” The court said that if it had not concluded that he “was entitled to be discharged under the first point raised, we would unhesitatingly direct that a new trial be granted for the reason that the trial judge unduly restricted defendant in calling witnesses to testify as to his reputation.” The defendant has now been given notice that the jury can find him guilty of a lesser included offense; he should prepare his defense accordingly when he is retried.
The decision of the District Court of Appeal, First District, discharging Respondent is quashed and this cause is remanded to that court for further proceedings not inconsistent with this opinion.
It is so ordered.
ROBERTS, C. J., and ERVIN, CARLTON, ADKINS, BOYD, and McCAIN, JJ-, concur.
DEKLE, J., concurs in judgment only.

 F.S. § 919.16, F.S.A., was repealed as of January 1, 1971, by § 180, Ch. 70-339, Laws of Florida. Florida Criminal Procedure Rule 3.510, 33 F.S.A., is currently in force and is virtually identical to the repealed statute. At the time of Respondent’s trial, however, F.S. § 919.16, F.S.A., was applicable.