MASON, ERNEST E. (Retired), Associate Judge.
Convicted of grand larceny and sentenced to a term of seven years as a multiple offender, appellant complains of the refusal of the trial court to instruct the jury on a “class four lesser included offense” as such offense is defined in Brown v. State, 206 So.2d 377 (Fla.1968).
We conclude that the trial court was correct in such refusal, and we affirm.
The information charged the appellant (defendant below) with the crime of larceny of a motor vehicle, the property of one William C. Harris, with the intent permanently to deprive or defraud Harris of his said property or the use and benefit thereof, or to appropriate the same to the use of the taker or person other than the owner.
Appellant sought to have the trial judge instruct the jury that the offense charged against him in the information included the second degree misdemeanor offenses proscribed by Chapter 705 F.S., particularly the offense of failure to report the finding of wrecked or derelict goods to the county court as condemned by Section 705.07, F.S., and the offense of secretion or appropriation of wrecked or derelict goods as proscribed by Section 705.08 F.S.
There is in the record ample credible evidence from which the trial jury could reasonably have found that the motor vehicle in question was abandoned property within the definition of that term as used in Chapter 705 F.S., as well as such evidence as would have justified the jury in concluding that appellant intended to steal the vehicle, which latter conclusion the jury did reach by returning a verdict of guilty of the offense of grand larceny as charged in the information. But the information did not include the lesser offenses proscribed by Chapter 705 F.S. and the trial court was clearly correct in refusing to give instructions concerning such offenses. Such requested instructions were not ones properly to be given as ones involving “class four lesser included offenses” as such class of offense has been previously delineated by the Supreme Court of Florida in Brown, supra, and more recently in State v. Anderson, 270 So.2d 353 (Fla.1972), Gilford and Schaffer v. State, 313 So.2d 729 (Fla.1975), and others.
Section 705.07 makes an offense the failure of a person to report to the county court the finding of wrecked or derelict goods and Section 705.08 makes it a criminal offense to secrete or appropriate such goods. The proscription of the statute is against unlawfully dealing with abandoned property and connotes the idea that such property is such as which the owner has by his act of abandonment indicated that he no longer claims ownership or interest therein. The whole of Chapter 705 F.S. deals with derelict goods, abandoned motor vehicles, and other personal property, and directs the county judge to order the sheriff of the county in which such property is found to seize the same and sell it at public auction. Provision is made for the deposit of the net proceeds of the sale into the state treasury for the benefit of the state school fund.
*1087 The import of the statute is that the property is no longer that of any particular person or entity. Therefore, one who finds such abandoned property and fails to report it, or who appropriates it wrongfully, although committing a particular crime spelled out by the statute, is not depriving any particular prior owner of any ownership, interest therein, or right of possession of any such property. This for the very reason that such owner has abandoned the property and therefore relinquished such rights. The information herein charges the appellant with unlawfully dealing with Harris’ property with the intent to deprive him of his rights therein. This can only mean that under this information before appellant can be convicted of any offense included within the charge the evidence must establish that Harris still claimed a right or interest in the property at the time appellant committed the crime. Encompassed within the major offense of grand larceny charged in the information against appellant are all lesser offenses covering the intended misuse or appropriation of Harris’ property, either temporarily or permanently.
Under Brown, Anderson, and the other cases dealing with the class of offenses classified as “class four lesser included offenses”, before an instruction on a lesser offense is proper, the offense must be one within the encompassment of the accusatory pleading, as well as one which is supported by proof within the evidence at the trial. In the case at bar the evidence below may well be sufficient to support a verdict of the crime of appropriation of derelict or abandoned property or of the crime of failure to report the finding of the same as proscribed by Chapter 705 F.S., but these so-called lesser offenses for which the refused instructions were requested are not encompassed within the information — the accusatory pleading.
Mr. Justice Adkins in expounding upon and delineating the classes of lesser included offenses first categorized by the late Justice Thormal in Brown, supra, stated in Anderson, supra, that in order to justify and require an instruction on the theory of a lesser included offense the accusatory pleading must apprise the defendant of all offenses of which he may be convicted under it. In other words, the allegata must encompass the probata, as well as the pro-bata prove the allegata. Nothing in the charge set forth in the information before us in this case apprises the defendant that he is being accused of failure to report the finding of abandoned property or of secreting or appropriating “wrecked or derelict goods”, or an abandoned motor vehicle.
As further stated by Judge Adkins in Anderson, in order to justify an instruction on lesser included offenses, “the gist is not what the defendant would like to persuade a jury he may be guilty of, but that the accusatory pleading apprise him of all offenses of which he may be convicted” under it. We submit that no defendant would conclude from a reading of this information that he could lawfully be convicted of appropriating property which had been abandoned by Harris, its alleged owner, and which has become derelict goods or an abandoned motor vehicle, or of failure to report the finding of such a vehicle. Therefore, the trial judge did not commit error by refusing to give the requested instructions.
We find the other assignments of error to be without merit.
AFFIRMED.
ERVIN, Acting C. J., and DREW, E. HARRIS (Retired), Associate Judge, concur.