DAUKSCH, Judge.
The Appellant was charged with grand larceny by stealing “approximately $142 of the value of more than $100.00.” He was convicted as charged. He complains the trial judge erred in refusing to charge the jury on the law concerning petit larceny. The trial judge refused because he said Appellant was charged with stealing more than $100 and the only proof was more than $100 therefore no instruction on petit larceny was necessary. No doubt the trial judge considered Brown v. State, 206 So.2d 377 (Fla. 1968), and particularly categories three and four defined therein. The question is whether petit larceny is a category three; a necessarily included crime within grand larceny or a category four; a possibly included crime under grand larceny.
We hold that petit larceny is a necessarily included offense under grand larceny. It is impossible to steal $100 or more without having first stolen less than $100. In Brown, supra, the defendant was charged with robbing $68 and our Supreme Court reversed because the trial court refused to give an instruction on larceny. In Brown, supra, the evidence was clear that the defendant did what was charged — “At gunpoint, he forced the cashier to turn over to him the contents of the cash register.” Here it is clear the Appellant took, or aided in taking,- more than $100.
In State v. Terry, 336 So.2d 65, 67 (Fla. 1976), the evidence was clear, even the defendant said so, that the defendant shot the victim. The State charged assault with the intent to commit Murder I. The trial court refused to instruct the jury on assault and battery and bare assault. Our Supreme Court reversed, saying,
“ . . . it is legally impossible to prove an assault with intent to commit murder in the first degree without also proving a bare assault. Therefore, if the trial judge . . . found sufficient ev *530 idence to instruct the jury on the major offense of assault with intent to commit murder in the first degree, he should have instructed the jury on the necessarily included offense of bare assault.”
See also Moore v. State, 341 So.2d 814 (Fla.2d DCA 1977), where our Second District followed Terry and said the trial judge must charge assault with intent to commit robbery in a robbery case.
We have not overlooked Gilford v. State, 313 So.2d 729 (Fla.1975), but find the dissent more persuasive, the case not followed, and Terry, supra, later and better.
REVERSED and REMANDED for a new and proper trial.
DOWNEY, J., concurs.
ANSTEAD, J., dissents, with opinion.