ON PETITION FOR REHEARING
PER CURIAM.
We have considered both appellant’s and appellee’s petitions for rehearing and deny them. We find, however, that further explication should be made as to that portion of our opinion vacating three sentences imposed upon appellant for use of a firearm *35 during the commission of the three robberies. Appellant was charged in a ten count information with three counts of robbery while using a firearm, contrary to Section 812.13(2)(a), Florida Statutes (1975), which makes it a felony of the first degree, punishable by life imprisonment. Three of the counts of the information also alleged appellant’s use of a firearm during the commission of the three robberies, contrary to Section 790.07(2), Florida Statutes (1975), which provides that the display of a firearm during the commission of a felony is a felony of the second degree.
While Section 775.021(4), Florida Statutes (1977),[1] was not effective until October 1, 1976, subsequent to the dates the offenses were committed, and is of course not applicable, we believe even if the statute were in existence, it would still be inefficacious since it specifically excludes “lesser included offenses, committed during said criminal episode, . . .” The offenses charged in counts two, five and eight of the information, alleging display of a firearm during the commission of the robberies, must be considered lesser included offenses to the greater offenses of the armed robberies. Fla.R.Crim.P. 3.510 authorizes a jury to convict a defendant “of any offense which is necessarily included in the offense charged.” Rule 3.510 was derived from Section 919.16, Florida Statutes (1965). In interpreting the statute which was worded in substantially the same fashion as the rule, the Supreme Court in Brown v. State, 206 So.2d 377, 381-382 (Fla.1968), stated:
The statutory mandate here requires that the lesser offense be necessarily included in the major offense charged by the accusatory pleading. This simply means that the lesser offense must be an essential aspect of the major offense. In other words, the burden of proof of the major crime cannot be discharged, without proving the lesser crime as an essential link in the chain of evidence. (Emphasis in original.)
The court continued that if there was sufficient evidence to establish the major offense charged, there is necessarily sufficient evidence to establish all elements of the lesser included offense. Id. at 382.
We conclude from Brown that display of a firearm during the commission of a robbery which is proscribed by Section 812.13(2)(a), is therefore a necessarily included offense to the major offense charged. The evidence relating to the same transactions as those of the robberies revealed the use of a firearm during the commission of the three robberies. The greater offense of armed robbery could not have been established without proof of the lesser crime “as an essential link in the chain of evidence.”
The petitions for rehearing are DENIED.
SMITH, Acting C. J., and ERVIN,' J., concur.
BOOTH, J., dissents.

. Which provides:
Whoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses, committed during said criminal episode, and the sentencing judge may order the sentences to be served concurrently or consecutively.