MOORE, Judge.
Appellant was convicted of grand larceny and uttering a forged or false instrument. We find no merit in appellant’s argument with regard to the conviction of uttering a forged or false instrument and, therefore, affirm that conviction. With regard to the conviction of grand larceny we find merit and reverse.
A cash register, cash and a number of checks were allegedly stolen from Tropical Auto Body Works, Inc. In Count I appellant was charged with larceny of the cash register and cash and in Count II appellant was charged with uttering one of the checks which had been stolen and forged. The trial court erroneously instructed the jury with regard to inferences to be drawn from a defendant’s possession of recently stolen property. The basis of this instruction was apparently appellant’s possession of the check because there was no evidence of her possession of the cash register or the cash. She was not charged with larceny of the cheek. The instruction, therefore, was not applicable to the larceny charge and should not have been given.
The trial court also failed to instruct the jury on petit larceny. Consistent with our decision in Moore v. State, 352 So.2d 529 (Fla. 4th DCA 1977) we find this failure to be reversible error. However, in keeping with the majority opinion in Battle v. State, 362 So.2d 464 (Fla. 4th DCA, opinion issued June 6, 1978, rehearing granted September 13, 1978) we certify the following question to the Supreme Court as one of great public interest:
IS PETIT LARCENY NECESSARILY A LESSER INCLUDED OFFENSE OF GRAND LARCENY?
Accordingly, appellant’s conviction of uttering a forged or false instrument is af *502 firmed; the conviction of grand larceny is reversed; and this cause is remanded for a new trial on Count I.
AFFIRMED in part; REVERSED in part; and REMANDED.
DOWNEY, C. J., and DAUKSCH, J., concur.