HATCHETT, Justice.
Where the value of property obtained or the amount of money received determines whether an offense is a misdemeanor or a felony, and where value or amount is not in dispute, must the court instruct the jury on the lesser offense based on lesser values or amounts than that proved? Because the decision in this case (358 So.2d 32 (Fla. 4th DCA 1978)) is in conflict with Gilford v. State, 313 So.2d 729 (Fla.1975), we exercise our jurisdiction under article Y, section 3(b)(3), Florida Constitution, and answer the question in the negative.
A person other than the respondent (defendant) burglarized a home and stole a department store credit card. Because of the thief’s age, the department store required parental consent when he attempted to make a $225 purchase. The defendant pretended to be the thief’s father and fraudulently authorized use of the card. The defendant was charged with felony fraudulent use of a credit card and conspiracy.* He was convicted of attempted felony fraudulent use of a credit card and conspiracy to commit a felony. At trial, he requested an instruction on the misdemean- or offense of fraudulent use of a credit card applicable where the value received is less than $100. Denial of the requested instruction was reversed on appeal on authority of Moore v. State, 352 So.2d 529 (Fla. 4th DCA 1977). We find that denial was appropriate and therefore disapprove the district court’s decision.
In Brown v. State, 206 So.2d 377 (Fla.1968), we held that a trial court must instruct the jury on all necessarily included offenses. We labeled these offenses as category (3) offenses and defined them as follows:
This category also stems from § 919.16, which requires an instruction on “any offense which is necessarily included in the offense charged.” The statutory mandate here requires that the lesser offense be necessarily included in the major offense charged by the accusatory pleading. This simply means that the lesser offense must be an essential aspect of the major offense. In other words, the burden of proof of the major crime cannot be discharged, without proving the lesser crime as an essential link in the chain of evidence. For example, in order to prove a robbery, the state must necessarily prove a larceny as an essential element of the major offense. This is so because every robbery necessarily includes a larceny. Arnold v. State, 83 So.2d 105 (Fla.1955). It is legally impossible to prove a robbery without also proving a larceny.
. Hence, it is necessary to prove the lesser in order to prove the greater. *342 . [I]f there is sufficient evidence to establish the offense charged, there is necessarily sufficient evidence to establish all elements of the lesser included offense. Consequently, if the trial judge finds the evidence sufficient to go to the jury on the major offense, it is inescapable that there must have been proof of the minor offense which is necessarily included in the major.
Brown v. State, 206 So.2d at 381-82, (emphasis in original).
Following our decision in Brown, in Gilford v. State, 313 So.2d 729 (Fla.1975), we held that breaking and entering with the intent to commit petit larceny was not a necessarily included offense of breaking and entering with the intent to commit grand larceny and did not require a category three instruction. This holding was based on the fact that no evidence was introduced to suggest that the value of the property was less than $100.
Sub judice the only proof is of $600.00 worth of liquor, nondepreciable and based on “wholesale value” and not just wholesale “cost”; there is no way to reduce this to the less than $100 market value necessary to include the lesser offense of petty larceny.
Gilford v. State, 313 So.2d at 732, (emphasis in original).
In Moore v. State, 352 So.2d 529 (Fla. 4th DCA 1977), the court reached a contrary result. Reasoning that it is impossible to steal $100 without stealing $1 the court held that petit larceny is a necessarily included offense of grand larceny even where a defendant was charged with stealing more than $100 and the only proof was more than $100. We disagree and disapprove the district court’s decision. Under Brown, all elements of the necessarily included offense must be proved in proving the offense charged. In cases where two crimes are distinguished by the value of the property involved, and the value is not disputed, proof of the greater amount does not constitute proof of the lesser. Proof of the greater amount is not simply an additional element. It is an entirely different element unrelated to proof of the lesser offense. It is possible to steal a $100 bill or a $1,000 bill without stealing a $1 bill. Proof of the lesser offense requires evidence of an amount lower than $100. If the only evidence offered shows a value to be greater than $100, the lesser offense has not been proved. When the evidence as to value is in dispute, a defendant is entitled to an instruction on the lesser offense under Brown category (4).
We hold that where value is not in dispute, a trial court need not instruct the jury on lesser offenses based on values other than the value proved.
Accordingly, the decision of the Fourth District Court of Appeal is quashed and the defendant’s conviction affirmed.
It is so ordered.
ENGLAND, C. J., and OVERTON, SUNDBERG and ALDERMAN, JJ., concur.
ADKINS and BOYD, JJ., dissent.

 § 777.04(3), Fla.Stat. (1977), states:
Whoever shall agree, conspire, combine, or confederate with another person or persons to commit any offense commits the offense of criminal conspiracy and shall, when no express provision is made by law for the punishment of such conspiracy, be punished as provided in subsection (4).
§ 817.61, Fla.Stat. (1977), states in pertinent part:
A person who, with intent to defraud the issuer uses, for the purpose of obtaining money, goods, services, or anything else of value, a credit card obtained or retained in violation of this part ... or who obtains money, goods, services or anything else of value by representing, without the consent of the cardholder, that he is the holder of a specified card . violates this subsection .