OVERTON, Justice.
This is a petition for writ of certiorari to review a decision of the District Court of Appeal, Fourth District, which has been certified to us as a decision passing on the following question of great public interest:
IS PETIT LARCENY NECESSARILY A LESSER INCLUDED OFFENSE OF GRAND LARCENY?[1]
We answer the question in the negative and find that petit larceny may or may not be included in the offense charged depending on the accusatory pleading and the evidence. This is a category four lesser included offense under Brown v. State, 206 So.2d 377, 383 (Fla.1968).
Subsequent to the district court decision in the instant case, we held in State v. Paffy, 369 So.2d 340 (Fla.1979), that a defendant charged with grand larceny is not necessarily entitled to an instruction on the lesser included offense of petit larceny but is entitled to such an instruction if the evidence as to value of the stolen property is in dispute. In Paffy, we stated:
In cases where two crimes are distinguished by the value of the property involved, and the value is not disputed, proof of the greater amount does not constitute proof of the lesser. Proof of the greater amount is not simply an additional element. It is an entirely different element unrelated to proof of the lesser offense. .
369 So.2d at 342. The crucial element is whether the evidence offered at trial proves only a value of $100 or more or whether the evidence could support a conclusion that the property taken had a value of less than $100.
In the instant case, the only evidence established clearly that the value of the property taken was greater than $100. Under these circumstances, a jury instruction on petit larceny was properly denied.
For the reasons expressed, the decision of the district court is quashed to the extent it holds that even though the value of the property taken is not in dispute, petit larce *667 ny is a necessarily included lesser offense of grand larceny. The other point raised by the state is without merit, and we approve the remainder of the district court’s decision.
It is so ordered.
ADKINS, Acting C. J., and BOYD, SUNDBERG and HATCHETT, JJ., concur.

. Hudson v. State, 364 So.2d 501 (Fla. 4th DCA 1978).