WENTWORTH, Judge.
Appellant was charged by delinquency petition with the offense of sexual battery upon a person eleven years of age or younger. § 794.011(2), Florida Statutes. Following presentation of the state’s case, appellant’s motion for judgment of acquittal was granted as to the offense of sexual battery, and the cause proceeded on the offense of attempted sexual battery. At the close of all the evidence, appellant was adjudicated delinquent for the offense of lewd, lascivious or indecent assault under § 800.04, Florida Statutes (1979), which offense the trial judge found, over objection, to be a lesser included offense. On appeal, appellant contends he was adjudicated delinquent for an offense not within the charge against him. We affirm.
*1106 Although lewd assault is not a necessarily lesser included offense (category three)[1] of attempted sexual battery,[2] we find that the accusatory pleading herein sufficiently alleged all of the elements of lewd assault and that the facts supported such a charge so that lewd assault was properly found to be a Brown category four lesser included offense.
The fact that attempted sexual battery and lewd assault are both second degree felonies does not in our opinion preclude a determination that lewd assault was a lesser included offense of attempted sexual battery. The discussion in Ray, supra, of “permissible lesser included offenses” appears to be directed to fundamental error issues not involved in the present case. We do not view Ray as imposing an absolute requirement that in order to be a proper lesser included offense under category three or four of Brown, the offense must be one subject to a lesser penalty.
AFFIRMED.
BOOTH and SHAW, JJ., concur.

. See Brown v. State, 206 So.2d 377 (Fla.1968).

. Walker v. State, 351 So.2d 382 (Fla. 4th DCA 1977); Ray v. State, 403 So.2d 956 (Fla.1981).