NESBITT, Judge.
The defendant was charged by a two-count information with: (1) burglary of a dwelling contrary to Section 810.02(3), Florida Statutes (1977); and (2) involuntary sexual battery in violation of Section 794.-011(5), Florida Statutes (1977). As to Count I, he was found guilty of the lesser included offense of trespass to a structure. He was found guilty as charged with respect to the involuntary sexual battery. The defendant was sentenced to fifteen years in the state penitentiary for the crime of rape and one year for trespass, with appropriate credit for time served. He contends here that the multiple punishments were not authorized because the trespass to the structure was a lesser included offense of the rape.
We do not agree that this is a category four lesser included offense as defined by the leading case of Brown v. State, 206 So.2d 377 (Fla.1968):
In this category, the trial judge must examine the information to determine whether it alleges all of the elements of a lesser offense, albeit such lesser offense is not an essential ingredient of the major offense alleged. If the accusation is present, then the judge must determine from the evidence whether it supports the allegation of the lesser included offense.
206 So.2d at 383. Count II of the information which charges the sexual battery alleges none of the elements of a trespass. While it may be that the defendant had to enter the structure in order to get to the victim who was inside, this connection is insufficient under the crimes as alleged, since the defendant could have been convicted of rape without a conviction for trespass. It was only after the defendant had fully committed the offense of trespass to a structure that he then, separately and independently, committed the involuntary sexual battery.
Accordingly, the sentence appealed from is affirmed.