441 So.2d 691 (1983)
Leroy HARRIELSON, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1154.
District Court of Appeal of Florida, Fifth District.
November 17, 1983.
Rehearing Denied December 16, 1983.
James B. Gibson, Public Defender, and Larry B. Henderson, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
Appellant, Leroy Harrielson, appeals his convictions of sexual battery in violation of section 794.011(2), Florida Statutes (1981),[1] and possession of a firearm by a convicted felon. We find sufficient evidence to support the latter conviction and affirm without further discussion of that issue.
The point urged by appellant in regard to his sexual battery conviction is that the trial court erred in refusing to instruct the jury that a lesser included offense thereof is lewd assault as defined by section 800.04, *692 Florida Statutes (1981). That section provides:
Lewd, lascivious or indecent assault or act upon or in presence of child.  Any person who shall handle, fondle or make an assault upon any child under the age of 14 years in a lewd, lascivious or indecent manner, or who shall knowingly commit any lewd or lascivious act in the presence of such child, without the intent to commit sexual battery shall be guilty of a felony of the second degree, punishable as provided in § 775.082, § 775.083 or § 775.084.
The indictment of the defendant for sexual battery specified:
Leroy Harrielson, a person over the age of eighteen (18) years, did, on or about from the dates of July, 1976 on diverse occasions thru June of 1981, within Volusia County, Florida, then and there unlawfully commit a sexual battery upon ROBIN HOGUE, a person eleven (11) years or younger, to wit, Ten (10) years of age, by oral and vaginal penetration with his sex organ.
The appellant argues that the indictment contained all of the elements of a lewd assault,[2] and that there was evidence adduced at trial by the minor victim of acts by the defendant which would support a conviction of lewd and lascivious assault upon a child under 14 years of age. It is contended that the alleged conduct of the defendant (oral and vaginal penetration) shows a "wicked, lustful, unchaste, licentious or sensual intent" on the part of the defendant. See Florida Standard Jury Instructions in Criminal Cases, 2d Ed., p. 122 (defining the terms lewd, lascivious and indecent for purposes of § 800.04). The appellant thus concludes that "the dividing line between these two offenses (sexual battery and lewd assault) is the ultimate determination of the existence of an intent to sexually batter, but it is within the province of the jury ... to determine the existence vel non of an intent to sexually batter when a lewd, lascivious, or indecent act is performed upon a child."
The state, on the other hand, points out that a lewd and lascivious assault is not listed as either a category one or two offense under the Schedule of Lesser Included Offenses, Florida Standard Jury Instructions in Criminal Cases (1981 ed.). This schedule became effective October 1, 1981, and purported to modify and supersede the categories enumerated in Brown v. State, 206 So.2d 377 (Fla. 1968).[3]See Borges v. State, 415 So.2d 1265 (Fla. 1982).
The state persuasively argues that the instant indictment charges Harrielson with no offensive conduct other than acts which constitute sexual battery  the commission of which clearly implies the very intent which by definition negates the offense of lewd assault. If the allegations of the instant indictment are proven, says the state, the elements of lewd assault are not encompassed, as in the case of a lesser included offense. Here, any lewd acts were merely incidental to the conduct specifically charged and at issue in the case: oral and vaginal penetration of a minor constituting sexual battery. The state asserts that no jury instruction is required unless the specific conduct announced as criminal in the charging document could also support a finding of a lesser included offense based on that specific conduct alleged. We agree.
In Bell v. State, 437 So.2d 1057 (Fla. 1983), the Florida Supreme Court, relying on Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), stated that "lesser included offenses are tantamount to the greater offense charged if all the constituent essential elements of such lesser offenses are included within the elements of such greater offense. Conversely, *693 offenses are separate and distinct if each contains an essential element that the other does not." At 1058. An essential element of sexual battery is the intent to commit it; an essential element of lewd assault under section 800.04 is that sexual battery is not intended. Thus, the Blockburger test is met and neither offense can be a necessarily included offense of the other. Nor, as pointed out by the state, given the succinct language of the instant indictment, is there a lesser included offense of lewd assault even under the "alleged evidence test" for permissible lesser included offenses discussed in Bell and reflected by category four of Brown and category two of the standard jury instructions.
In S.L.S. v. State, 404 So.2d 1105 (Fla. 1st DCA 1981), review denied, 415 So.2d 1361 (Fla. 1982), relied upon by the appellant, the juvenile defendant was tried for attempted sexual battery under section 794.011(2), Florida Statutes (1979), the basis for the charge in the instant case. He was ultimately adjudicated delinquent, over objection, of the offense of lewd, lascivious, or indecent assault under section 800.04, Florida Statutes (1979), the crime for which the instruction was requested in the instant case. The objection in S.L.S. was that the offense for which there was a conviction (lewd assault) was not a lesser included offense of attempted sexual battery, and this was the gist of the argument on appeal. The appellate court agreed that lewd assault is not a necessarily lesser included offense of attempted sexual battery, but found that the accusatory pleading in that case sufficiently alleged all of the elements of lewd assault and that the facts supported such a charge under a Brown category four approach.
The accusatory pleading is not set forth in the S.L.S. opinion, but presumably it contains superfluous allegations of lewd conduct unconnected with the intentional commission of a sexual battery. If not, then we reject its conclusion as erroneous and in conflict with Blockburger and Bell.
For the foregoing reasons, we believe the trial judge correctly refused the requested instruction in the instant case, and the defendant's judgment and sentence for sexual battery and for possession of a firearm by a convicted felon are
AFFIRMED.
FRANK D. UPCHURCH, Jr. and SHARP, JJ., concur.
NOTES
[1] Section 794.011(2) provides:

A person 18 years of age or older who commits sexual battery upon, or injuries the sexual organs of, a person 11 years of age or younger in an attempt to commit sexual battery upon said person commits a capital felony punishable as provided in ss. 775.082 and 921.141. If the offender is under the age of 18, that person shall be guilty of a life felony, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
[2] A category four (4) offense, or permissible lesser included offense, under Brown v. State, 206 So.2d 377 (Fla. 1968).
[3] We must, however, echo the puzzlement evinced by Judge Cowart in his dissenting opinion in Baker v. State, 425 So.2d 36, 57 n. 39 (Fla. 5th DCA 1983), wherein he questions how any list of Brown category four (permissible) lesser included offenses can be compiled without reference to the particular written charges or evidence in the case under consideration.