464 So.2d 1325 (1985)
Isiah WALKER, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1134.
District Court of Appeal of Florida, Fifth District.
March 14, 1985.
*1326 James B. Gibson, Public Defender, and Christopher S. Quarles, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Walker was charged by information with sexual battery on a person eleven years of age or younger.[1] The jury returned a guilty verdict and he was adjudicated and sentenced to life imprisonment. We affirm.
Walker's sole issue on appeal is that the trial court erred in not giving the jury an instruction on lewd and lascivious assault,[2] as a lesser included offense of sexual battery. We have held that these two crimes contain different elements and that, therefore, lewd and lascivious assault is not a necessarily lesser included offense of sexual battery. Harrielson v. State, 441 So.2d 691 (Fla. 5th DCA 1983).
Further, the information in this case simply alleges the commission of a sexual battery on the victim. Therefore, there is no basis to argue that the elements of lewd and lascivious assault were sufficiently alleged as to make it a permissibly included lesser offense[3] assuming that the "alleged evidence test" has any continued viability. Cf. S.L.S. v. State, 404 So.2d 1105 (Fla. 1st DCA 1981), rev. denied, 415 So.2d 1361 (Fla. 1982).
AFFIRMED.
DAUKSCH and ORFINGER, JJ., concur.
NOTES
[1] § 794.011(2), Fla. Stat. (1983).
[2] § 800.04, Fla. Stat. (1983).
[3] The Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Florida Standard Jury Instructions in Criminal Cases, 257 (1981 ed.); see also Brown v. State, 206 So.2d 377, 383 (Fla. 1968).