SHAW, Justice,
specially concurring.
The last comprehensive review and revision of the Standard Jury Instructions in Criminal Cases occurred during the period 1977-81. We approved the report of the committee, with modifications, in April 1981. In the matter of USE BY the TRIAL COURTS OF the STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES and the Standard Jury Instructions in Misdemeanor Cases, 431 So.2d 594 (Fla. 1981). The Schedule of Lesser Included Offenses included therein was grounded on Brown v. State, 206 So.2d 377 (Fla.1968), and the single transaction rule.
The schedule of lesser included offenses has not been reviewed and revised to conform it to section 775.021(4), Florida Statutes (1976), as amended thereafter by chapter 83-156, section 1, Laws of Florida. Section 775.021(4), Florida Statutes (1983), abrogates the single transaction rule by mandating that there be separate convictions and sentences for all separate offenses occurring in the course of one criminal transaction or episode. The statute, as amended in 1983, also mandates that offenses are separate if each offense requires proof of an element not present in the other and that this determination will be based exclusively on the statutory elements of the offenses, not the accusatory pleadings or the proof adduced at trial. The effect of the 1983 change was to define and limit lesser included offenses to those offenses whose statutory elements are completely subsumed within the greater charged offense, i.e., those which are not separate offenses. This requires that two basic changes be made to the schedule of lesser included offenses. First, because *1236 permissive lesser included offenses (category two) are based on the accusatory pleadings and proof at trial and their statutory elements are, by this Court’s definition, not subsumed within the charged greater offense, they are, by legislative definition, separate offenses. Consequently, category two offenses, if truly permissive, cannot be instructed on as lesser included offenses and the entire category must be deleted from the schedule of lesser included offenses. Second, the definition and method of determining separate offenses must be rigorously applied to category one, necessarily included lesser offenses, to ensure that each category one offense is in fact statutorily subsumed within the charged greater offense and not a separate offense.
I agree with the recommendations and changes contained herein because they are necessary in order to ensure consistency within the schedule as it now exists. However, because we have never tasked the committee with reexamining the schedule in light of section 775.021(4), the changes perpetuate the inherent errors which result from faulty policy premises, i.e., the single transaction rule and Brown. Accordingly, I call again for a comprehensive review and revision of the schedule of lesser included offenses and Florida Rules of Criminal Procedure 3.490 and 3.510 to conform them to section 775.021(4). For a fuller examination of these faulty premises, errors, and flaws, see my dissents in Wilcott v. State, 509 So.2d 261 (Fla.1987), State v. Wimberly, 498 So.2d 929 (Fla.1986); Linehan v. State, 476 So.2d 1262 (Fla.1985); and Green v. State, Shaw, J., concurring in result only, 475 So.2d 235 (Fla.1985).